UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

333 EAST 60TH STREET, INC., d/b/a
Scores East,

                Plaintiff,          08 Civ.   (   )

    -against-

NEW YORK STATE LIQUOR AUTHORITY,    COMPLAINT
DANIEL B. BOYLE, individually,
LAWRENCE J. GEDDA, individually,         08 CIV. 4147
NOREEN HEALEY, individually, and the
CITY OF NEW YORK,
                                                        Jury Trial Demanded
                Defendants.

-------------------------------------------------------------x



       Plaintiff 333 EAST 60TH STREET, INC, d/b/a Scores East, by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for permanent injunctive relief with respect to on-going violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343.

1

## THE PARTIES

3. Plaintiff 333 EAST 60TH STREET INC d/b/a "Scores East" (hereinafter "Scores East") is a New York domestic business corporation with offices for the conduct of business situated at 333 East 60th Street, New York, New York. At that premises Scores East operates a restaurant and gentlemen's club featuring, by way of First Amendment protected expressive activity, topless dancers. The principals of Scores East are also the principals of Go West Entertainment, Inc., a separate New York domestic corporation which for years has operated Scores West, a gentlemen's club featuring the same First Amendment expressive entertainment at premises known as 533-535 West 27th Street, New York, New York.

4. Defendant NEW YORK STATE LIQUOR AUTHORITY (hereinafter "SLA"), which is sued only for prospective injunctive relief, is an agency of the State of New York with authority over the issuance/revocation/suspension of liquor licenses in premises such as Scores East and Scores West. Defendants DANIEL B. BOYLE, LAWRENCE J. GEDDA, AND NOREEN HEALEY, each of whom is sued in his/her individual capacities for prospective injunctive relief, are respectively the Chairman of the SLA and two SLA commissioners.

5. Defendant CITY OF NEW YORK (hereinafter "City") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. During the tenure of now-former New York City Mayor Rudolph Giuliani the City publicly took the position that clubs featuring female topless expressive entertainment should prospectively be required to conduct business only on the West side of Manhattan. As a result Scores West was established. Scores East, by reason of its pre-

existing business operations, continued doing business on Manhattan's east side. Thereafter the City and the SLA determined that all clubs in Manhattan featuring such entertainment should be forced to shut down by reason of their First Amendment protected activity.

## THE FACTS

6. Commencing during the approximately twelve month period preceding January 24, 2007, corrupt New York City undercover police officers assigned to the Manhattan South Vice Enforcement Division began frequenting Scores West and abusing their authority: i) did not pay otherwise required admission fees; ii) consumed but did not pay for alcoholic beverages; and iii) consumed but did not pay for food.

7. During that same period of time the City determined to implement a plan, to be carried out by members of its Police Department, calculated to coerce Scores West's cessation of business because of its First Amendment protected expressive activity.

8. In furtherance of that plan and at the direction of the City's Police Commissioner dozens of police officers were routinely assigned to 27th and/or 28th Street at Tenth and Eleventh Avenues daily from approximately 11:30 P.M. to 4:00 A.M. for the specific objectives of: i) denying vehicular access to Scores West - - but not other business establishments on those streets; ii) preventing Scores West's clientele from safely accessing and/or departing the club by motor vehicle (taxi, limousine and/or privately owned automobile); iii) prohibiting Scores West's female employees from safely accessing the club by motor vehicle and obligating them to park blocks away from

the club during nighttime hours; and iv) preventing the owners of Scores West from safely accessing the club by motor vehicle and using on-premises parking facilities - - obligating them instead to park blocks away from the club.

9. Nightclubs in New York County that are otherwise identical to Scores West and/or Scores East, but do not feature female topless dancers, have not been similarly targeted for coerced closure by the City.

10. Nightclubs in New York County that are identically situated to Scores West and/or Scores East, and which present female topless dancing for their clientele, have been identically targeted as Scores West for coerced closure by the City.

11. Because Scores West continued its business operations notwithstanding the City's actions as set forth in paragraph "8" *supra*, on or about January 24, 2007, the City and the SLA entered into an agreement to set Scores West up on pretextual charges of prostitution so that the SLA could commence liquor license revocation proceedings to effectuate the Defendants' agreed-upon objective - - the prohibition of the subject First Amendment expressive activity. In that connection and on that date the City conducted what it claimed to be an undercover police operation at Scores West, made a number of arrests involving minor charges, following which the SLA commenced administrative license revocation proceedings.

12. Prior to the commencement of that proceeding and pursuant to an agreement with the City, the SLA in February 2007 issued an "emergency suspension" of Scores West's liquor license, intended to chill the principals of Scores West and Score's East in the exercise of their First Amendment protected, expressive activities.

13. At the commencement of the revocation hearing and pursuant to an agreement with the City, the SLA facilitated and condoned on SLA premises a police riot intended to intimidate the principals of Scores West and Scores East with a view towards chilling their exercise of First Amendment protected conduct both at those establishments and during the administrative hearing process [Goldring v. City of New York, 08 Civ. 3765 (RJS)].

14. In March of 2007 pursuant to an agreement with the City, the SLA acting by and through Boyle, Gedda and Healey revoked Scores West's liquor license, a circumstance intended to terminate in Scores West any future First Amendment expressive entertainment and to chill the principals of Scores East and Scores West in the exercise of their First Amendment right to provide such entertainment.

15. Following the revocation of Scores' West's liquor license, representatives of the SLA and the City publicly announced their intention to promptly suspend and/or revoke Scores East's liquor license, conduct which is imminent and which is motivated by the same objective - - to shut down that business operation because of the First Amendment expressive activities presently on-going at Scores East and because the same expressive activities for years were on-going at Scores West.

16. In that connection, upon issuance of the subject suspension and/or revocation of Scores East's liquor license the City will take immediate action through its Police Department to enforce the SLA's order, force the closure of Scores East, and prohibit any future First Amendment protected expressive behavior at that premises.

## AS AND FOR A FIRST CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

17. Under the premises Defendants' conduct is violative of Scores East's First Amendment rights and should be permanently enjoined, 42 U.S.C. §1983.

WHEREFORE a judgment permanently enjoining the Defendants from revoking and/or suspending Scores East's liquor license and/or otherwise chilling it in the exercise of its First Amendment protected rights, should be granted along with costs, reasonable attorney's fees and such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 1, 2008

LOVETT & GOULD, LLP
By:
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401