UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                          Plaintiff,     08 Civ. 4147 (RJS)

              -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL
B. BOYLE, individually, LAWRENCE J. GEDDA,
individually, NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                                 Defendants.

---------------------------------------------------------------------- x

**DECLARATION IN
SUPPORT OF CITY OF NEW
YORK'S CROSS-MOTION
TO DISMISS AND IN
OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY
INJUNCTION**

PAULA VAN METER, declares under the penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

      1. I am an Assistant Corporation Counsel in the office of MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the City of New York ("City"), a defendant herein. I submit this declaration in support of the City's Cross-Motion to Dismiss the complaint as against the City, and in opposition to plaintiff's motion for a preliminary injunction seeking to restrain the defendant New York State Liquor Authority ("SLA") from prosecuting against plaintiff a liquor license revocation proceeding, and seeking a hearing on that preliminary injunction application.

      2. Plaintiff commenced this action by Summons and Complaint, dated May 1, 2008, seeking a permanent injunction against defendants "from revoking and/or suspending Scores East's liquor license and/or otherwise chilling it in the exercise of its First Amendment protected rights". Complaint at p. 6. A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

3. The Complaint is brought by 333 East 60th Street, Inc., the corporation operating a club on East 60th Street identified as "Scores East" featuring topless entertainers. The Complaint makes numerous references to another club located on West 27th Street identified as "Scores West" that is operated by Go West Entertainment, Inc., the principals of which are the same as the principals of plaintiff corporation. Complaint, ¶3.

4. The Complaint asserts acts of purported misconduct by the City that allegedly violated plaintiff's First Amendment rights or had the effect of chilling their exercise of First Amendment protected activity, in the form of topless dancing, including: an agreement between the City and the SLA to "set Scores West up on pretextual charges of prostitution" and police action implementing that agreement, Complaint ¶11; police action closing West 27th and West 28th Streets between 10th and 11th Avenues from vehicular traffic during certain nighttime hours with the objective of limiting access to Scores West, Complaint ¶8; the revocation of Scores West's liquor license, and the pending proceeding to suspend or revoke Scores East's liquor license by the SLA, pursuant to an alleged agreement with the City, Complaint ¶¶ 14, 15; and police misconduct at Scores West and at the SLA license revocation hearing concerning Scores West, Complaint ¶¶ 6, 13. As discussed in the accompanying memorandum of law, none of these allegations rise to the level of a justiciable violation of plaintiff's constitutional rights.

5. Members of the New York City Police Department ("NYPD") conducted an investigation of a complaint of alleged prostitution at Scores West that resulted in arrests being made, on January 25, 2007, of individuals at Scores West for the crime of Prostitution and related offenses.

6. By Notice of Pleading, dated February 15, 2007, the SLA notified Scores West of its proceeding to cancel or revoke Scores West's liquor license due to the prostitution

activity. A copy of the Notice of Pleading together with the Report of Investigation and copies of Arrest Reports furnished to Scores West by the SLA in support of the Notice of Pleading are attached hereto as Exhibit "B". One of the individuals arrested at Scores West on January 25, 2007 and charged with the crime of Prostitution, in violation of Penal Law §230.00, is Nicole Green, NYSID #0329533L. See, Exhibit B.

7. A copy of the Certificate of Disposition reflecting that Nicole Green, NYSID #0329533L, pled guilty to Penal Law §230.00 as a result of her arrest on January 25, 2007, is attached hereto as Exhibit "C". New York State Office of Court Administration records reflect that other individuals arrested on January 25, 2007 at Scores West entered guilty pleas to the violation of Disorderly Conduct (Penal Law §240.20) in satisfaction of the charges against them.

8. The SLA revoked the liquor license issued to Go West Entertainment Inc. for Scores West by determination dated March 5, 2008, and Revocation Order dated April 17, 2008, based upon the findings of Administrative Law Judge Robert L. Karr issued in a report of findings, a copy of which Findings, Determination and Revocation Order are attached as Exhibit "D".

9. Go West Entertainment, Inc. challenged Scores West's license revocation in New York State Supreme Court in a proceeding pursuant to New York Civil Practice Law and Rules ("CPLR") Article 78, Go West Entertainment, Inc. v. NYS Liquor Authority (Index No. 103482/08), which was transferred to the Appellate Division First Department for a review of whether the SLA determination is supported by substantial evidence, pursuant to CPLR 7804 (g). A copy of the Order dated March 11, 2008 of Justice Walter B. Tolub effecting the transfer of that Article 78 proceeding to the Appellate Division is attached hereto as Exhibit "E".

10. The SLA issued a Notice of Pleading, dated May 2, 2008, to plaintiff and Scores East providing notice of their proceeding to cancel or revoke the license issued to Scores East due to the Scores West license revocation. A copy of Scores East Notice of Pleading is attached as Exhibit "F".

11. This Court can take judicial notice of the fact that on the block of West 27th Street between 10th and 11th Avenues in Manhattan, on which an entrance to Scores West is located, there are a number of other nightclubs including Guest House, Cain, Suzie Wong, Pink Elephant and Bungalow 8. On the block of West 28th Street between 10th and 11th Avenues, on which an entrance to Scores West is located, there are also the clubs Prime and the Eagle. These facts are confirmed by NYPD Lieutenant Michael J. Costello in his Declaration In Opposition To Plaintiff's Motion for Preliminary Injunction, dated June 26, 2008, attached hereto as Exhibit "G".

12. For all of the reasons set forth in the accompanying Memorandum of Law, the City's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted, and plaintiff's motion for preliminary injunctive relief and/or a hearing on such application should be denied.

Dated:      New York, New York
            July 8, 2008

                                    _____
                                    PAULA VAN METER (PV0076)

# EXHIBIT  A

to
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ NEW YORK

333 EAST 60TH STREET, INC., d/b/a Scores, East,

Plaintiff,

-against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL B.
BOYLE, individually, LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individuallu, and the CITY OF NEW
YORK,

Defendants.

**SUMMONS IN A CIVIL ACTION**

**Case No. 08Civ**

**08 CIV. 4147**

**TO:** (Name and Address of Defendant)

**NEW YORK STATE LIQUOR AUTHORITY, 80 South Sawn Street, Suite 900, Albany, New York**

**DANIEL B. BOYLE, 80 South Sawn Street, Suite 900, Albany, New York**

**LAWRENCE J. GEDDA, 80 South Sawn Street, Suite 900, Albany, New York**

**NOREEN HEALEY, 80 South Sawn Street, Suite 900, Albany, New York**

**CITYOF NEW YORK, New York, City Hall, New York, New York**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

```
Lovett & Gould
222 Bloomingdale Road
White Plains, New York   10605
(914) 428-8401
```

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

J. Michael McMahon

CLERK                                          MAY - 1 2008

                                               DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

333 EAST 60TH STREET, INC., d/b/a
Scores East,

                      Plaintiff,

      -against-

NEW YORK STATE LIQUOR AUTHORITY,
DANIEL B. BOYLE, individually,
LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                 Defendants.

--------------------------------------------------------------x

**FILED**

MAY - 1 2008

**USDC WP SDNY**

· 08 Civ.    (    )

**COMPLAINT**

# 08 CIV. 4147

**Jury Trial Demanded**

    Plaintiff 333 EAST 60TH STREET, INC, d/b/a Scores East, by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

## NATURE OF THE ACTION

    1. This is an action for permanent injunctive relief with respect to on-going violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343.

## THE PARTIES

3. Plaintiff 333 EAST 60TH STREET INC d/b/a "Scores East" (hereinafter "Scores East") is a New York domestic business corporation with offices for the conduct of business situated at 333 East 60th Street, New York, New York. At that premises Scores East operates a restaurant and gentlemen's club featuring, by way of First Amendment protected expressive activity, topless dancers. The principals of Scores East are also the principals of Go West Entertainment, Inc., a separate New York domestic corporation which for years has operated Scores West, a gentlemen's club featuring the same First Amendment expressive entertainment at premises known as 533-535 West 27th Street, New York, New York.

4. Defendant NEW YORK STATE LIQUOR AUTHORITY (hereinafter "SLA"), which is sued only for prospective injunctive relief, is an agency of the State of New York with authority over the issuance/revocation/suspension of liquor licenses in premises such as Scores East and Scores West. Defendants DANIEL B. BOYLE, LAWRENCE J. GEDDA, AND NOREEN HEALEY, each of whom is sued in his/her individual capacities for prospective injunctive relief, are respectively the Chairman of the SLA and two SLA commissioners.

5. Defendant CITY OF NEW YORK (hereinafter "City") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. During the tenure of now-former New York City Mayor Rudolph Giuliani the City publicly took the position that clubs featuring female topless expressive entertainment should prospectively be required to conduct business only on the West side of Manhattan. As a result Scores West was established. Scores East, by reason of its pre-

2

existing business operations, continued doing business on Manhattan's east side. Thereafter the City and the SLA determined that all clubs in Manhattan featuring such entertainment should be forced to shut down by reason of their First Amendment protected activity.

## THE FACTS

6. Commencing during the approximately twelve month period preceding January 24, 2007, corrupt New York City undercover police officers assigned to the Manhattan South Vice Enforcement Division began frequenting Scores West and abusing their authority: i) did not pay otherwise required admission fees; ii) consumed but did not pay for alcoholic beverages; and iii) consumed but did not pay for food.

7. During that same period of time the City determined to implement a plan, to be carried out by members of its Police Department, calculated to coerce Scores West's cessation of business because of its First Amendment protected expressive activity.

8. In furtherance of that plan and at the direction of the City's Police Commissioner dozens of police officers were routinely assigned to 27th and/or 28th Street at Tenth and Eleventh Avenues daily from approximately 11:30 P.M. to 4:00 A.M. for the specific objectives of: i) denying vehicular access to Scores West - - but not other business establishments on those streets; ii) preventing Scores West's clientele from safely accessing and/or departing the club by motor vehicle (taxi, limousine and/or privately owned automobile); iii) prohibiting Scores West's female employees from safely accessing the club by motor vehicle and obligating them to park blocks away from

3

the club during nighttime hours; and iv) preventing the owners of Scores West from safely accessing the club by motor vehicle and using on-premises parking facilities - - obligating them instead to park blocks away from the club.

9. Nightclubs in New York County that are otherwise identical to Scores West and/or Scores East, but do not feature female topless dancers, have not been similarly targeted for coerced closure by the City.

10. Nightclubs in New York County that are identically situated to Scores West and/or Scores East, and which present female topless dancing for their clientele, have been identically targeted as Scores West for coerced closure by the City.

11. Because Scores West continued its business operations notwithstanding the City's actions as set forth in paragraph "8" *supra*, on or about January 24, 2007, the City and the SLA entered into an agreement to set Scores West up on pretextual charges of prostitution so that the SLA could commence liquor license revocation proceedings to effectuate the Defendants' agreed-upon objective - - the prohibition of the subject First Amendment expressive activity. In that connection and on that date the City conducted what it claimed to be an undercover police operation at Scores West, made a number of arrests involving minor charges, following which the SLA commenced administrative license revocation proceedings.

12. Prior to the commencement of that proceeding and pursuant to an agreement with the City, the SLA in February 2007 issued an "emergency suspension" of Scores West's liquor license, intended to chill the principals of Scores West and Score's East in the exercise of their First Amendment protected, expressive activities.

4

13. At the commencement of the revocation hearing and pursuant to an agreement with the City, the SLA facilitated and condoned on SLA premises a police riot intended to intimidate the principals of Scores West and Scores East with a view towards chilling their exercise of First Amendment protected conduct both at those establishments and during the administrative hearing process [Goldring v. City of New York, 08 Civ. 3765 (RJS)].

14. In March of 2007 pursuant to an agreement with the City, the SLA acting by and through Boyle, Gedda and Healey revoked Scores West's liquor license, a circumstance intended to terminate in Scores West any future First Amendment expressive entertainment and to chill the principals of Scores East and Scores West in the exercise of their First Amendment right to provide such entertainment.

15. Following the revocation of Scores' West's liquor license, representatives of the SLA and the City publicly announced their intention to promptly suspend and/or revoke Scores East's liquor license, conduct which is imminent and which is motivated by the same objective - - to shut down that business operation because of the First Amendment expressive activities presently on-going at Scores East and because the same expressive activities for years were on-going at Scores West.

16. In that connection, upon issuance of the subject suspension and/or revocation of Scores East's liquor license the City will take immediate action through its Police Department to enforce the SLA's order, force the closure of Scores East, and prohibit any future First Amendment protected expressive behavior at that premises.

### AS AND FOR A FIRST CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

17. Under the premises Defendants' conduct is violative of Scores East's First Amendment rights and should be permanently enjoined, 42 U.S.C. §1983.

WHEREFORE a judgment permanently enjoining the Defendants from revoking and/or suspending Scores East's liquor license and/or otherwise chilling it in the exercise of its First Amendment protected rights, should be granted along with costs, reasonable attorney's fees and such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
        May 1, 2008

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

6

# EXHIBIT  B

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

 

**STATE OF NEW YORK**
**DIVISION OF ALCOHOLIC BEVERAGE CONTROL**

80 South Swan Street, Suite 900 ·      317 Lenox Avenue      535 Washington Street, Suite 303
Albany, NY 12210-8002      New York, NY 10027      Buffalo, NY 14203
*************************************************************************************

IN THE MATTER OF PROCEEDINGS TO CANCEL OR REVOKE

                                                 **NOTICE OF PLEADING**

1144563, NEW YORK OP 1144563

                                         **419-2007/Case No. 38293**

GO WEST ENTERTAINMENT INC
SCORES WEST
533 535 W 27TH STREET
NEW YORK, NY 10001

PLEASE TAKE NOTICE, that pursuant to Section 118 of the Alcoholic Beverage Control Law you are required to answer by mail as provided below, or in person, at the office of the **Division of Alcoholic Beverage Control, Harlem Center, 317 Lenox Avenue, 4th Floor, (between 125th & 126th Streets), New York, New York 10027, on 03/21/2007**, at 11:00 AM, in connection with proceedings to cancel or revoke the above-referenced license, and to plead to the following charge(s):

1. That on 1/24/2007 through 1/25/2007, the licensee suffered or permitted the licensed premises to become disorderly by suffering or permitting females on the licensed premises to solicit male patrons therein for immoral purposes in violation of subdivision 6 section 106 of the Alcoholic Beverage Control Law.
2. That on and before 1/25/2007, the licensee, through the actions of its principals Richard K. Goldring and Elliot Osher, and its agents and employees, has violated rule 54.2 of the Rules of the State Liquor Authority [9 NYCRR 48.2] in that the licensee has failed to exercise adequate supervision over the conduct of the licensed business; all cause for revocation, cancellation or suspension of the license in accordance with rule 36.1(f) of the Rules of the State Liquor Authority [9 NYCRR 53.1(f)].

PLEASE TAKE NOTICE THAT YOUR FAILURE TO PLEAD WILL BE DEEMED A "NO CONTEST" PLEA AND NO FURTHER HEARING WILL BE HELD.

PLEASE TAKE FURTHER NOTICE that you may be represented by counsel. If you need a translator, you must bring one with you at your own expense.

PLEASE TAKE FURTHER NOTICE that you may plead to the charge(s) by mail instead of by personal appearance provided that a letter signed by you or your attorney, setting forth your plea of "Not Guilty" or "No Contest" is received by the Office of Counsel of the Division of Alcoholic Beverage Control at the above New York City address on or before the pleading date specified above.

PLEASE TAKE FURTHER NOTICE that the maximum penalty may be a revocation and forfeiture of the Bond filed by you, and or a civil penalty. In addition, if the Authority revokes the license, the Authority may proscribe the issuance of a license at the premises for a period of two years from the date of revocation of the license.

PLEASE TAKE FURTHER NOTICE: If you plead not guilty to the charge(s), a hearing will thereafter be scheduled at which you may appear with counsel, produce witnesses, and introduce evidence in your behalf.

PURSUANT TO SECTION 301 of the State Administrative Procedure Act, interpreter services shall be made available to deaf persons, at no charge, by the Authority.

                           Date:    02/15/2007

Licensee's name and residence address
GOLDRING,RICHARD K                      DIVISION OF ALCOHOLIC BEVERAGE CONTROL
5 FOX CHASE DR
WATCHUNG NJ 07069                     **Robert F. Buckley, Associate Attorney**
                                   Office of Counsel

Licensee's Landlord
KAZVIN REALTY CORP
359 GRASSY SPRAIN RD                    317 Lenox Avenue
YONKERS NY 10710

                                    New York, New York 10027

Notice to Landlord: As stated above, in the event the disposition of this case results in a Revocation of the license, the Authority may impose, as part of the penalty, a two year prohibition against the issuance of any alcoholic beverage license at these premises.

                           Tel: [212] 961- 8343
                           Fax: [212] 961-8316

                           Certified Mail # 7003 3110 0004 6361 6872

NEW YORK County
NEW OP 1144563

**State of New York**
**EXECUTIVE DEPARTMENT**
Division of Alcoholic Beverage Control

Date Assigned:    01/26/07
Date Transcribed: 02/08/07

## REPORT OF INVESTIGATION
## CASE NO. 38293

### NAME/ADDRESS

**GO WEST ENTERTAINMENT INC.**
**d/b/a: (SCORES WEST)**
533 535 W 27TH STREET
NEW YORK, NY 10001

SCANNED

FEB 08 2007

### ITEM (S) TO BE INVESTIGATED

"Disorderly Premises Prostitution"

### INVESTIGATIVE REPORT

On January 30, 2007, Investigator Perretta interviewed members of the NYPD Manhattan South Vice Enforcement Squad (MSVES) by telephone. During that interview, the undersigned learned that a NYPD Vice operation was conducted on Wednesday, January 24, 2007 into Thursday, January 25, 2007 with the aim of addressing allegations of prostitution being conducted inside the premise. The operation was based upon information obtained during a previous undercover operation that was conducted inside the premises, which revealed offers of prostitution that were received by undercover detectives.

During the January 2007 operation, a number of undercover MSVES detectives engaged employee dancers in sexually-related conversations, during which prices were discussed for various sex acts to be performed on the undercover detectives by the premise's dancers. In addition to the prices for the sex acts themselves, there were additional prices discussed for renting a private room inside the premises, as well as for the girl to enter the rooms. After the undercover operation obtained sufficient fresh probable cause for arrests, the MSVES field team entered the location and placed the involved employees under arrest.

The identities of the undercover detectives are known to the Police Department and no further information on them or the operation will be discussed in this report, outside of the limited terms of the offers described on the arrest reports themselves, as delineated below. The limited details of the seven persons that were arrested during the undercover operation are as follows:

Ms. Karina Vasquez, a 32 year old female, was arrested and charged with 1 count of Prostitution, which is a B Misdemeanor, after an "offer and agree[ment] to perform fellatio in exchange for $200 USC" (Arrest ID #M07608172-P and NYSID #0645398K) (see attachment one).

Ms. Nicole Green, a 23 year old female, was arrested and charged with 1 count of Prostitution, which is a B Misdemeanor, after she "agreed to perform a sexual intercourse for $700 USC" (Arrest ID #M07608174-L and NYSID #0329533L) (see attachment two).

Ms. Colleen Matthews, a 22 year old female, was arrested and charged with 1 count of Prostitution, which is a B Misdemeanor, after she "agreed to perform a sex act (oral sex) for $500 USC" (Arrest ID #M07608177-Q and NYSID #2504192M) (see attachment three).

Ms. Marianna Nasyarova, a 19 year old female, was arrested and charged with 1 count of Prostitution, which is a B Misdemeanor, after she "agreed to perform a sex act (oral sex) for $300 USC" (Arrest ID #M07608184-H and NYSID #2504209P) (see attachment four).

Mr. Eli Iskolsky, a 36 year old male, was arrested and charged with 1 count of Permitting Prostitution, which is a B Misdemeanor, because he "was in control of premise where prostitution was taking place" (Arrest ID #M07608209-K and NYSID #1851613N) (see attachment five).

Mr. Gustavo Kiste, a 29 year old male, was arrested and charged with 1 count of Permitting Prostitution, which is a B Misdemeanor, because he "was in control of premise where prostitution was taking place" (Arrest ID #M07608210-N and NYSID #2504226N) (see attachment six).

*It should be noted that Mr. Iskolsky and Mr. Kiste were the two managers on duty at the premises at the time of the operation, both of whom, according to NYPD Vice, demonstrated an awareness of the prostitution going on at the premise during their respective conversations with the NYPD at the time of their arrests.*

Ms. Zamira Cardenas, a 28 year old female, was arrested and charged with 1 count of Permitting Prostitution, which is a B Misdemeanor, because she "was in control of premise where prostitution was taking place" (Arrest ID #M07608208-M and NYSID #0834865H) (see attachment seven).

Since the ongoing **prostitution was conducted inside** this licensed premises, these incidents appear to demonstrate a **Disorderly Premise**, which violates **ABCL §106.6**, and **Improper Supervision of a Licensed Premises**, which is a violation of **SLAR 48.2**. The latter rule requires that "a high degree of supervision is exercised over the conduct of the licensed establishment at all times." Notwithstanding this requirement, the licensee failed "to exercise adequate supervision over the conduct of" the premise and its employees and thereby "imperils the health, welfare and safety of the people". In addition, the fact that the agents of the licensee, i.e. the managers, were **aware of the** aforementioned **ongoing criminal activity** being conducted inside the licensed premise also **constitutes Improper Conduct of a Licensee**, which violates **SLAR 53.1(n)**.

The undersigned also learned from NYPD Vice that a Nuisance Abatement Order application is being generated in this case and is pending.

Kindly also note that in addition to a 252 OP license, this licensee also holds 901 and 902 licenses, all of which are scheduled to expire on February 29, 2008. End of Report.

SUBMITTED BY:                                                  REVIEWED BY:

Inv. Louis M. Perretta, Jr., Shield #1144 / February 08, 2007    _____
        *Investigator / Date*                                           *Supervisor / Date*

SCANNED

FEB 08 2007






# New York City Police Department
## Omniform System - Arrests



| RECORD STATUS: NYSID ENTERD | Arrest ID: M07608172 - P |
|---|---|
| Arrest Location: INSIDE OF 528 WEST 28 STREET | Pct: 010 |

**Arrest Date: 01-25-2007**   Processing Type: COMMUNITY COURT

**Time: 01:30:00**   DCJS Fax Number: MM000353

Sector: D          Special Event Code: -

                   DAT Number: 0

Stop And Frisk: NO     Return Date: 0000-00-00

Serial #: 0000-000-00000

**SCANNED**

**FEB 08 2007**

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD

Premises: OTHER                    *NYC School Safety Data:*   *NYC Transit Data:*

Location Within: COMMERCIAL ESTABLISHMENT   On School Property:   Station:

Occur.Date/Time: 2007-01-25 - 01:90      School Type:     Line #:

*NYC Housing Development:*            School Num:      Location:

                                      School Name:

Offense Location: INSIDE OF 528 WEST 28 STREET   Borough: MANHATTAN

## CHARGES:

| | Arrest #: M07608172 |
|---|---|

| CHARGE | ATTEMPT | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.00 | M | B | 1 | PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M07608172

AT T/P/O A/O IS INFORMED BY U/C 9635 THAT DEFT DID OFFER AND AGREE TO PERFORM
FELLATIO IN EXCHANGE FOR $200 USC

## DEFENDANT: VASQUEZ, KARINA

| | NYSID #: **0645398K** | Arrest #: **M07608172** |
|---|---|---|

Nick/AKA/Maiden:

| | Height: 5FT 02IN | Order Of Protection: NO |
|---|---|---|
| Sex: FEMALE | Weight: 115 | Issuing Court: |
| Race: WHITE HISPANIC | Eye Color: BROWN | Docket #: |
| Age: 32 | Hair Color: BLONDE | Expiration Date: |
| Date Of Birth: 07/01/1974 | Hair Length: NORMAL | Relation to Victim: UNKNOWN/NONE |
| U.S. Citizen: YES | Hair Style: STRAIGHT | Living together: NO |
| Place Of Birth: | Skin Tone: LIGHT | Can be identified: NO |
| Need Interpreter: NO | Complexion: CLEAR | |
| Language: | | |
| Accent: NO | Soc.Security #: | |
| | Occupation: UNKNOWN | Gang Affiliation: NO |
| Physical Condition: APPARENTLY NORMAL | Lic/Permit Type: | Name: |
| Drug Used: NONE | Lic/Permit No: | Identifiers: |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 100 CONVENT AVENUE | MANHATTAN | NEW YORK | 308 | | 026 |

Phone # and E-Mail Address:

JAN-30-2007  15:28      SUES                          2129821927        P.06
ARREST Report - M07608172                                          Page 2 of 3

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee:  On Duty:
        Development:       N.Y.C. Transit Employee:

| Physical Force: | NONE | Gun: | | Used Transit System: NO |
|---|---|---|---|---|
| Weapon Used/Possed: | NONE | Make: | | Station Entered: |
| Non-Firearm Weapon: | | Color: | | Time Entered: |
| Other Weapon Description: | | Caliber: | | Metro Card Type: |
| | | Type: | | Metro Card Used/Poses: |
| | | Discharged: NO | | Card #: |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | OUTERWEAR - SWEATER OR VEST - UNKNOWN COLOR |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CLOTHING | FOOTWEAR - OTHER - PINK |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SCANNED
FEB 08 2007

**JUVENILE DATA:**                                    Arrest #: M07608172

Juvenile Offender:  Relative Notified:  Personal Recog:
Number Of Priors: 0         Name:
School Attending:      Phone Called:
Mother's Maiden Name:    Time Notified:

**ASSOCIATED ARRESTS:**                               Arrest #: M07608172

ARREST ID  COMPLAINT #

**DEFENDANTS CALLS:**                                 Arrest #: M07608172

CALL #  NUMBER DIALED  NAME CALLED  DATE      TIME
1        **            REFUSED      01/25/2007 01:30

**INVOICES:**                                         Arrest #: M07608172

INVOICE# COMMAND PROPERTY TYPE VALUE

**ARRESTING OFFICER: DT3 TIMOTHY G BLACK**            Arrest #: M07608172

| Tax Number: 921154 | On Duty: YES | |
|---|---|---|
| Other ID (non-NYPD): 921154 | In Uniform: NO | Force Used: NO |
| Shield: 3005 | Squad: M2 | Type: |
| Department: NYPD | Chart: 06 | Reason: |
| Command: VED M/S Primary Assignment: | | Officer Injured: NO |

| Arresting Officer Name: DT3 BLACK, TIMOTHY G | Tax #: 921154 | Command: VED M/S | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT SCANLAN | Tax #: 918293 | Command: 489 | Agency: NYPD |
| Report Entered by: LT WILSON | Tax #: 900003 | Command: 489 | Agency: NYPD |

# END OF ARREST REPORT

ARREST Report - M07608174                                                Page 1 of 1





# New York City Police Department
## Omniform System - Arrests


| | |
|---|---|
| **RECORD STATUS: NYSID ENTERD** | **Arrest ID: M07608174 - L** |
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Pct: 010** |

**Arrest Date:** 01-25-2007  Processing Type: COMMUNITY COURT

SCANNED

FEB 08 2007

**Time:** 01:30:00  DCJS Fax Number: MM000354

Sector: D

Special Event Code: -

DAT Number: 0

Stop And Frisk: NO

Return Date: 0000-00-00

Serial #: 0000-000-00000

---

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD

Premises: COMMERCIAL BUILDING

Location Within: COMMERCIAL ESTABLISHMENT

Occur.Date/Time: 2007-01-25 - 01:00

*NYC Housing Development:*

*NYC School Safety Data:*  *NYC Transit Data:*

On School Property:   Station:

School Type:   Line #:

School Num:   Location:

School Name:

Offense Location: INSIDE OF 528 WEST 28 STREET  Borough: MANHATTAN

---

## CHARGES:

Arrest #: M07608174

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.00 | M | B | 1 | PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C.: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M07608174

AT T/P/O, A/O IS INFORMED BY THE UC# 5523 THAT DEFT. DID AGREED TO PERFORM A SEXUAL INTERCOURSE FOR $700.00 USC.

---

## DEFENDANT: GREEN, NICOLE

NYSID #: 0329533L   Arrest #: M07608174

Nick/AKA/Maiden:

Sex: FEMALE

Race: BLACK

Age: 23

Date Of Birth: 10/06/1983

U.S. Citizen: YES

Place Of Birth: NEW YORK

Need Interpreter: NO

Language:

Accent: NO

Physical Condition: APPARENTLY NORMAL

Drug Used: NONE

Height: 5FT 7IN

Weight: 140

Eye Color: BROWN

Hair Color: BLACK

Hair Length: NORMAL

Hair Style: STRAIGHT

Skin Tone: DARK

Complexion: CLEAR

Soc.Security #:

Occupation: OTHER

Lic/Permit Type:

Lic/Permit No:

Order Of Protection: NO

Issuing Court:

Docket #:

Expiration Date:

Relation to Victim: STRANGER

Living together: NO

Can be identified: YES

Gang Affiliation: NO

Name:

Identifiers:

---

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 129 PARK PLACE | MANHATTAN | NEW YORK | | | 061 |

Phone # and E-Mail Address:

JAN-30-2007  15:29 VES     2129821927    P.09

ARREST Report - M07608174

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee: NO  On Duty:
Development:    N.Y.C. Transit Employee: NO

| | | |
|---|---|---|
| Physical Force: NONE | Gun: | Used Transit System: NO |
| Weapon Used/Possed: NONE | Make: | Station Entered: |
| Non-Firearm Weapon: | Color: | Time Entered: |
| Other Weapon Description: | Caliber: | Metro Card Type: |
| | Type: | Metro Card Used/Poess: |
| | Discharged: NO | Card #: |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | AGREED TO A SEX ACT FOR A FEE |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - UNKNOWN COLOR |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | FOOTWEAR - SNEAKERS - BLACK |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**SCANNED**

FEB 08 2007

## JUVENILE DATA:    Arrest #: M07608174

Juvenile Offender:  Relative Notified:  Personal Recog:
Number Of Priors: 8    Name:
School Attending:    Phone Called:
Mother's Maiden Name:    Time Notified:

## ASSOCIATED ARRESTS:    Arrest #: M07608174

ARREST ID  COMPLAINT #

## DEFENDANTS CALLS:    Arrest #: M07608174

CALL # NUMBER DIALED  NAME CALLED  DATE    TIME
1    --         REFUSED    01/28/2007 01:30

## INVOICES:    Arrest #: M07608174

INVOICE#  COMMAND  PROPERTY TYPE  VALUE

## ARRESTING OFFICER: DT3 TIMOTHY G BLACK    Arrest #: M07608174

Tax Number: 921154    On Duty: YES
Other ID (non-NYPD): 921154    In Uniform: NO        Force Used: NO
Shield: 3005    Squad: M2        Type:
Department: NYPD    Chart: 97        Reason:
Command: VED M/8  Primary Assignment:        Officer Injured: NO

| Arresting Officer Name: DT3 BLACK, TIMOTHY G | Tax #: 921154 | Command: VED M/8 | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT SCANLAN | Tax #: 918293 | Command: 489 | Agency: NYPD |
| Report Entered by: DT2 MCGUIRE | Tax #: 916161 | Command: 539 | Agency: NYPD |

# END OF ARREST REPORT

JAN-30-2007  15:29
ARREST Report - M07608177 SVES                 2129821927         P.11



# New York City Police Department
## Omniform System - Arrests



| | |
|---|---|
| **RECORD STATUS: NYSID ENTERD** | **Arrest ID: M07608177 - Q** |
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Pct: 010** |

**Arrest Date: 01-25-2007**    Processing Type: COMMUNITY COURT
**Time: 01:30:00**    DCJS Fax Number: MM000356
Sector: D    Special Event Code: -
    DAT Number: 0
Stop And Frisk: NO    Return Date: 0000-00-00
Serial #: 0000-000-00000

### ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD
Premises: COMMERCIAL BUILDING
Location Within: COMMERCIAL ESTABLISHMENT
Occur.Date/Time: 2007-01-25 - 01:00
**NYC Housing Development:**

**NYC School Safety Data:**   **NYC Transit Data:**
On School Property:    Station:
School Type:    Line #:
School Num:    Location:
School Name:

FEB 08 2007

Offence Location: INSIDE OF 528 WEST 28 STREET   Borough: MANHATTAN

### CHARGES:

Arrest #: M07608177

| CHARGE | ATTEMPTY | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.00 | M | B | 1 | PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

### DETAILS:

Arrest #: M07608177

AT T/P/O, A/O IS INFORMED BY THE UC# 1581 THAT DEFT. DID AGREED TO PERFORM A $
EX ACT (ORAL SEX) FOR $500.00 USC.

### DEFENDANT: MATTHEWS, COLLEEN

NYSID #: **2504192M**    Arrest #: M07608177

Nick/AKA/Maiden:
Sex: FEMALE
Race: WHITE
Age: 22
Date Of Birth: 11/12/1984
U.S. Citizen: YES
Place Of Birth: NEW JERSEY
Need Interpreter: NO
Language:
Accent: NO
Physical Condition: APPARENTLY NORMAL
Drug Used: NONE

Height: 5FT 1IN
Weight: 104
Eye Color: BLUE
Hair Color: BLONDE
Hair Length: NORMAL
Hair Style: STRAIGHT
Skin Tone: LIGHT
Complexion: CLEAR

Soc.Security #:
Occupation: OTHER
Lic/Permit Type:
Lic/Permit No:

Order Of Protection: NO
Issuing Court:
Docket #:
Expiration Date:
Relation to Victim: STRANGER
Living together: NO
Can be identified: YES

Gang Affiliation: NO
Name:
Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 20 MANOR ROAD | LIVINGSTON | NEW JERSEY | | 000 | |

Phone # and E-Mail Address:

JAN-30-2007  15:30    VES

ARREST Report - M07608177                                    2129821927      P.12

| N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee: NO  On Duty: | | | |
|---|---|---|---|
| Development: | N.Y.C. Transit Employee: NO | | |

| Physical Force: NONE | Gun: | Used Transit System: NO |
| Weapon Used/Possed: NONE | Make: | Station Entered: |
| Non-Firearm Weapon: | Color: | Time Entered: |
| Other Weapon Description: | Caliber: | Metro Card Type: |
| | Type: | Metro Card Used/Poses: |
| | Discharged: NO | Card #: |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | AGREED TO A SEX ACT FOR A FEE. |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - UNKNOWN COLOR |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - PURPLE |
| CLOTHING | FOOTWEAR - SNEAKERS - GRAY |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SCANNED

FEB 08 2007

## JUVENILE DATA:                                                Arrest #: M07608177

| Juvenile Offender: | Relative Notified: Personal Recog: |
| Number Of Priors: 0 | Name: |
| School Attending: | Phone Called: |
| Mother's Maiden Name: | Time Notified: |

## ASSOCIATED ARRESTS:                                           Arrest #: M07608177

ARREST ID COMPLAINT #

## DEFENDANTS CALLS:                                             Arrest #: M07608177

| CALL # | NUMBER DIALED | NAME CALLED | DATE | TIME |
|---|---|---|---|---|
| 1 | -- | REFUSED | 01/28/2007 | 01:30 |

## INVOICES:                                                     Arrest #: M07608177

INVOICE# COMMAND PROPERTY TYPE VALUE

## ARRESTING OFFICER: DT3 TIMOTHY G BLACK              Arrest #: M07608177

| Tax Number: 921154 | On Duty: YES | |
| Other ID (non-NYPD): 921154 | In Uniform: NO | Force Used: NO |
| Shield: 3005 | Squad: M2 | Type: |
| Department: NYPD | Chart: 97 | Reason: |
| Command: VED M/S  Primary Assignment: | | Officer injured: NO |

| Arresting Officer Name: DT3 BLACK, TIMOTHY G | Tax #: 921154 | Command: VED M/S | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT SCANLAN | Tax #: 918293 | Command: 469 | Agency: NYPD |
| Report Entered by: DT2 MCGUIRE | Tax #: 916181 | Command: 529 | Agency: NYPD |

# END OF ARREST REPORT




# New York City Police Department
## Omniform System - Arrests

| | |
|---|---|
| **RECORD STATUS: NYSID ENTERD** | **Arrest ID: M07608184 - H** |
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Pct: 010** |

**Arrest Date: 01-25-2007**   Processing Type: COMMUNITY COURT

**Time: 01:30:00**   DCJS Fax Number: MM000356

Sector: D         Special Event Code: -

                  DAT Number: 0

Stop And Frisk: NO       Return Date: 0000-00-00

Serial #: 0000-000-00000

SCANNED
FEB 08 2007

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD             *NYC School Safety Data:*   *NYC Transit Data:*
Premises: COMMERCIAL BUILDING   On School Property:        Station:
Location Within: COMMERCIAL ESTABLISHMENT   School Type:   Line #:
Occur.Date/Time: 2007-01-25 - 01:00   School Num:        Location:
*NYC Housing Development:*      School Name:

Offense Location: INSIDE OF 528 WEST 28 STREET   Borough: MANHATTAN

## CHARGES:

Arrest #: M07608184

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.00 | M | B | 1 | PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M07608184

AT T/P/O, A/O IS INFORMED BY THE UC# 906013 THAT DEFT. DID AGREED TO PERFORM A
SEX ACT (ORAL SEX) FOR $300.00 USC.

## DEFENDANT: NASYAROVA, MARIANNA

NYSID #: **2504209P**   Arrest #: **M07608184**

Nick/AKA/Maiden:                  Height: 5FT 1IN          Order Of Protection: NO
Sex: FEMALE                       Weight: 110              Issuing Court:
Race: WHITE                       Eye Color: BROWN         Docket #:
Age: 19                           Hair Color: BLONDE       Expiration Date:
Date Of Birth: 08/12/1987         Hair Length: NORMAL      Relation to Victim: STRANGER
U.S. Citizen: YES                 Hair Style: STRAIGHT     Living together: NO
Place Of Birth: NEW YORK          Skin Tone: LIGHT         Can be identified: YES
Need Interpreter: NO              Complexion: CLEAR
Language:
Accent: NO                        Soc.Security #:
                                  Occupation: OTHER        Gang Affiliation: NO
Physical Condition: APPARENTLY NORMAL   Lic/Permit Type:   Name:
Drug Used: NONE                   Lic/Permit No:           Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 2216 EAST 28 STREET | BROOKLYN | NEW YORK | | | 061 |

Phone # and E-Mail Address:



ARREST Report - M07608184

| | | |
|---|---|---|
| N.Y.C.H.A. Resident: NO | N.Y.C. Housing Employee: NO | On Duty: |
| Development: | N.Y.C. Transit Employee: NO | |

| | | |
|---|---|---|
| Physical Force: NONE | Gun: | Used Transit System: NO |
| Weapon Used/Possed: NONE | Make: | Station Entered: |
| Non-Firearm Weapon: | Color: | Time Entered: |
| Other Weapon Description: | Caliber: | Metro Card Type: |
| | Type: | Metro Card Used/Poss: |
| | Discharged: NO | Card #: |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | AGREED TO A SEX ACT FOR A FEE. |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | OUTERWEAR - WAIST LENGTH JACKET - UNKNOWN COLOR |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CLOTHING | FOOTWEAR - OTHER - BLACK |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SCANNED

FEB 08 2007

**JUVENILE DATA:**                                              Arrest #: M07608184

| | | |
|---|---|---|
| Juvenile Offender: | Relative Notified: | Personal Recog: |
| Number Of Priors: 0 | Name: | |
| School Attending: | Phone Called: | |
| Mother's Maiden Name: | Time Notified: | |

**ASSOCIATED ARRESTS:**                                          Arrest #: M07608184

ARREST ID  COMPLAINT #

**DEFENDANTS CALLS:**                                            Arrest #: M07608184

| CALL # | NUMBER DIALED | NAME CALLED | DATE | TIME |
|---|---|---|---|---|
| 1 | -- | REFUSED | 01/25/2007 | 01:30 |

**INVOICES:**                                                    Arrest #: M07608184

INVOICE# COMMAND PROPERTY TYPE VALUE

**ARRESTING OFFICER: DT3 TIMOTHY G BLACK**                       Arrest #: M07608184

| | | |
|---|---|---|
| Tax Number: 921154 | On Duty: YES | Force Used: NO |
| Other ID (non-NYPD): 921154 | In Uniform: NO | Type: |
| Shield: 3005 | Squad: M2 | Reason: |
| Department: NYPD | Chart: 97 | Officer Injured: NO |
| Command: VED M/S Primary Assignment: | | |

| Arresting Officer Name: DT3 BLACK, TIMOTHY G | Tax #: 921154 | Command: VED M/S | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT SCANLAN | Tax #: 918293 | Command: 489 | Agency: NYPD |
| Report Entered by: DT2 MCGUIRE | Tax #: 916151 | Command: 539 | Agency: NYPD |

# END OF ARREST REPORT

 
 

# New York City Police Department
## Omniform System - Arrests

| **RECORD STATUS: NYSID ENTERD** | **Arrest ID: M07608209 - K** |
|---|---|
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Pct: 010** |

**Arrest Date: 01-25-2007**   Processing Type: COMMUNITY COURT

**Time: 01:30:00**   DCJS Fax Number: MM000358

Sector: D   Special Event Code: -

DAT Number: 0

Stop And Frisk: NO   Return Date: 0000-00-00

Serial #: 0000-000-00000

SCANNED

FEB 08 2007

---

**ARREST DATA - COMPLAINT NOT REQUIRED**

| Jurisdiction: NYPD | **NYC School Safety Data:** | **NYC Transit Data:** |
|---|---|---|
| Premises: OTHER | On School Property: | Station: |
| Location Within: COMMERCIAL ESTABLISHMENT | School Type: | Line #: |
| Occur.Date/Time: 2007-01-25 - 01:00 | School Num: | Location: |
| **NYC Housing Development** | School Name: | |

Offence Location: INSIDE OF 528 WEST 28 STREET   Borough: MANHATTAN

---

**CHARGES:**                                   Arrest#: M07608209

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.40 | M | B | 1 | PERMITTING PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

**DETAILS:**                                   Arrest#: M07608209

AT.T/P/O DEFT WAS IN CONTROL OF PREMISE WHERE PROSTITUTION WAS TAKING PLACE.

---

## DEFENDANT: ISKOLSKY, ELI

**NYSID #: 1851613N**   **Arrest#: M07608209**

| Nick/AKA/Maiden: | Height: 5FT 07IN | Order Of Protection: NO |
|---|---|---|
| Sex: MALE | Weight: 180 | Issuing Court: |
| Race: WHITE | Eye Color: GREEN | Docket #: |
| Age: 36 | Hair Color: BLACK | Expiration Date: |
| Date Of Birth: 02/18/1970 | Hair Length: NORMAL | Relation to Victim: UNKNOWN/NONE |
| U.S. Citizen: YES | Hair Style: CLOSE CUT | Living together: NO |
| Place Of Birth: | Skin Tone: LIGHT | Can be identified: NO |
| Need Interpreter: NO | Complexion: CLEAR | |
| Language: | | |
| Accent: NO | Soc.Security #: | |
| | Occupation: UNKNOWN | Gang Affiliation: NO |
| Physical Condition: APPARENTLY NORMAL | Lic/Permit Type: | Name: |
| Drug Used: NONE | Lic/Permit No: | Identifiers: |

---

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 2766 MILL LANE | BROOKLYN | NEW YORK | | 1FL | 000 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO N.Y.C. Housing Employee:  On Duty:

ARREST Report - M07608209                                                           ISSUES

Development    N.Y.C. Transit Employee:                                    2129821927      P. 21

| | | | |
|---|---|---|---|
| Physical Force: NONE | | Gun: | Used Transit System: NO |
| Weapon Used/Possed: NONE | | Make: | Station Entered: |
| Non-Firearm Weapon: | | Color: | Time Entered: |
| Other Weapon Description: | | Caliber: | Metro Card Type: |
| | | Type: | Metro Card Used/Posse: |
| | | Discharged: NO | Card #: |

**CRIME DATA**      **DETAILS**

MODUS OPERANDI    UNKNOWN
ACTIONS TOWARD VICTIM  UNK
CLOTHING
CLOTHING      FOOTWEAR – DRESS SHOES – BLACK
CLOTHING      ACCESSORIES – WELL DRESSED – BLACK
CLOTHING      OUTERWEAR – SPORT / DRESS JACKET – UNKNOWN COLOR
CHARACTERISTICS    HEADGEAR – UNK – UNKNOWN COLOR
BODY MARKS      UNKNOWN
BODY MARKS      –UNKNOWN
IMPERSONATION    UNKNOWN

SCANNED

FEB 08 2007

**JUVENILE DATA:**

| | | |
|---|---|---|
| Juvenile Offender: | Relative Notified: Personal Recog: | Arrest #: M07608209 |
| Number Of Priors: 0 | Name: | |
| School Attending: | Phone Called: | |
| Mother's Maiden Name: | Time Notified: | |

**ASSOCIATED ARRESTS:**

| | |
|---|---|
| ARREST ID  COMPLAINT # | Arrest #: M07608209 |

**DEFENDANTS CALLS:**

| | |
|---|---|
| CALL #  NUMBER DIALED  NAME CALLED  DATE    TIME | Arrest #: M07608209 |
| 1    --     REFUSED   01/26/2007  01:30 | |

**INVOICES:**

| | |
|---|---|
| INVOICE#  COMMAND  PROPERTY TYPE  VALUE | Arrest #: M07608209 |

**ARRESTING OFFICER: DT3 TIMOTHY G BLACK**

| | | |
|---|---|---|
| Tax Number: 921154 | On Duty: YES | Arrest #: M07608209 |
| Other ID (non-NYPD): 921154 | In Uniform: NO | |
| Shield: 3005 | Squad: M2 | Force Used: NO |
| Department: NYPD | Chart: 09 | Type: |
| Command: VED M/S Primary Assignment: | | Reason: |
| | | Officer Injured: NO |

| | Tax #: | Command: | Agency: |
|---|---|---|---|
| Arresting Officer Name: T3 BLACK, TIMOTHY G | 921154 | VED M/S | NYPD |
| Supervisor Approving: GT SCANLAN | Tax #: #18293 | Command: 468 | Agency: NYPD |
| Report Entered by: WILSON | Tax #: 900003 | Command: 468 | Agency: NYPD |

# END OF ARREST REPORT
# M07608209

JAN-30-2007 15:32    ...EVES    2129821927    P.23



# New York City Police Department
## Omniform System - Arrests



| **RECORD STATUS: NYSID ENTERD** | | |
|---|---|---|
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Arrest ID: M07608210 - N** | |
| | **Pct: 010** | |

**Arrest Date: 01-25-2007**    Processing Type: COMMUNITY COURT

**Time: 01:30:00**    DCJS Fax Number: MM000359

Sector: D    Special Event Code: -

Stop And Frisk: NO    DAT Number: 0

Serial #: 0000-000-00000    Return Date: 0000-00-00

SCANNED

FEB 08 2007

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD

Premises: OTHER    NYC School Safety Data: NYC Transit Data:

Location Within: COMMERCIAL ESTABLISHMENT    On School Property:    Station:

Occur.Date/Time: 2007-01-25 - 01:00    School Type:    Line #:

NYC Housing Development:    School Num:    Location:

School Name:

Offense Location: INSIDE OF 528 WEST 28 STREET    Borough: MANHATTAN

## CHARGES:

Arrest #: M07608210

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL.230.40 | M | B | 1 | PERMITTING PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M07608210

AT T/P/O DEFT WAS IN CONTROL OF PREMISE WHERE PROSTITUTION WAS TAKING PLACE.

## DEFENDANT: KISTE, GUSTAVO

NYSID #: 2504226N    Arrest #: M07608210

Nick/AKA/Maiden:    Height: 5FT 07IN    Order Of Protection: NO

Sex: MALE    Weight: 148    Issuing Court:

Race: WHITE    Eye Color: BROWN    Docket #:

Age: 29    Hair Color: OTHER    Expiration Date:

Date Of Birth: 09/14/1977    Hair Length: BALD    Relation to Victim: UNKNOWN/NONE

U.S. Citizen: YES    Hair Style: BALD    Living together: NO

Place Of Birth:    Skin Tone: LIGHT    Can be identified: NO

Need Interpreter: NO    Complexion: CLEAR

Language:

Accent: NO    Soc.Security #:

Occupation: UNKNOWN    Gang Affiliation: NO

Physical Condition: APPARENTLY NORMAL    Lic/Permit Type:    Name:

Drug Used: NONE    Lic/Permit No:    Identifier:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 72 FOREST AVENUE | STATEN ISLAND | NEW YORK | | | 120 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee:  On Duty:

JAN-30-2007  15:33                                                              P.24

ARREST Report - M07608210                                       2129821927

| | |
|---|---|
| Development: | N.Y.C. Transit Employee: |

| | | |
|---|---|---|
| Physical Force: | NONE | Gun: |
| Weapon Used/Possed: | NONE | Make: |
| Non-Firearm Weapon: | | Color: |
| Other Weapon Description: | | Caliber: |
| | | Type: |
| | | Discharged: NO |

| | | |
|---|---|---|
| Used Transit System: | NO |
| Station Entered: | |
| Time Entered: | |
| Metro Card Type: | |
| Metro Card Used/Possed: | |
| Card #: | |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - DRESS SHOES - BLACK |
| CLOTHING | ACCESSORIES - WELL DRESSED - BLACK |
| CLOTHING | OUTERWEAR - SPORT / DRESS JACKET - UNKNOWN COLOR |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

SCANNED

FEB 0 9 2007

## JUVENILE DATA:                                     Arrest #: M07608210

| | | |
|---|---|---|
| Juvenile Offender: | Relative Notified: | Personal Recog: |
| Number Of Priors: 0 | Name: | |
| School Attending: | Phone Called: | |
| Mother's Maiden Name: | Time Notified: | |

## ASSOCIATED ARRESTS:                              Arrest #: M07608210

ARREST ID COMPLAINT #

## DEFENDANTS CALLS:                                Arrest #: M07608210

| CALL # | NUMBER DIALED | NAME CALLED | DATE | TIME |
|---|---|---|---|---|
| 1 | -- | REFUSED | 01/26/2007 | 01:30 |

## INVOICES:                                        Arrest #: M07608210

INVOICE COMMAND PROPERTY TYPE VALUE

## ARRESTING OFFICER: DT3 TIMOTHY G BLACK          Arrest #: M07608210

| | |
|---|---|
| Tax Number: 921154 | On Duty: YES |
| Other ID (non-NYPD): 921154 | In Uniform: NO |
| Shield: 3005 | Squad: M2 |
| Department: NYPD | Chart: 06 |
| Command: VED M/S Primary Assignment: | |

| | |
|---|---|
| Force Used: NO |
| Type: |
| Reason: |
| Officer Injured: NO |

| Arresting Officer Name: | Tax #: | Command: | Agency: |
|---|---|---|---|
| DT3 BLACK, TIMOTHY G | 921154 | VED M/S | NYPD |
| Supervisor Approving: SGT SCANLAN | Tax #: 916293 | Command: 489 | Agency: NYPD |
| Report Entered by: LT WILSON | Tax #: 900003 | Command: 489 | Agency: NYPD |

# END OF ARREST REPORT
# M07608210

JAN-30-2007 15:31 GUES
ARREST Report - M07608208 2129821927 P.17




# New York City Police Department
## Omniform System – Arrests

| | |
|---|---|
| **RECORD STATUS: NYSID ENTERD** | **Arrest ID: M07608208 - M** |
| **Arrest Location: INSIDE OF 528 WEST 28 STREET** | **Pct: 010** |

**Arrest Date:** 01-25-2007  Processing Type: COMMUNITY COURT

**Time:** 01:30:00  DCJS Fax Number: MM008357

Sector: D

Special Event Code: -

DAT Number: 0

Stop And Frisk: NO

Return Date: 0000-00-00

Serial #: 0000-000-00000

SCANNED

FEB 03 2007

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD

Premises: OTHER

Location Within: COMMERCIAL ESTABLISHMENT

Occur.Date/Time: 2007-01-25 - 01:00

NYC Housing Development:

NYC School Safety Data:

On School Property:

School Type:

School Num:

School Name:

NYC Transit Data:

Station:

Line #:

Location:

Offence Location: INSIDE OF 528 WEST 28 STREET  Borough: MANHATTAN

## CHARGES:

Arrest #: M07608208

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 230.40 | M | B | 1 | PERMITTING PROSTITUTION |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M07608208

AT T/P/O DEFT WAS IN CONTROL OF PREMISE WHERE PROSTITUTION WAS TAKING PLACE.

## DEFENDANT: CARDENAS, ZAMIRA

| | NYSID #: 0834865H | Arrest #: M07608208 |
|---|---|---|

Nick/AKA/Maiden:

Sex: FEMALE

Race: WHITE HISPANIC

Age: 28

Date Of Birth: 12/25/1978

U.S. Citizen: YES

Place Of Birth:

Need Interpreter: NO

Language:

Accent: NO

Physical Condition: APPARENTLY NORMAL

Drug Used: NONE

Height: 5FT 05IN

Weight: 135

Eye Color: BROWN

Hair Color: BROWN

Hair Length: NORMAL

Hair Style: STRAIGHT

Skin Tone: LIGHT

Complexion: CLEAR

Soc.Security #:

Occupation: UNKNOWN

Lic/Permit Type:

Lic/Permit No:

Order Of Protection: NO

Issuing Court:

Docket #:

Expiration Date:

Relation to Victim: UNKNOWN/NONE

Living together: NO

Can be identified: NO

Gang Affiliation: NO

Name:

Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 121 WEST 16 STREET | BAYONNE | NEW JERSEY | | | 000 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee:  On Duty:

JAN-30-2007  15:31                    ISSUES

ARREST Report - M07608208                                    2129821927    P.18

| | |
|---|---|
| Development: | N.Y.C. Transit Employee: |

| | | | |
|---|---|---|---|
| Physical Force: NONE | Gun: | | Used Transit System: NO |
| Weapon Used/Possed: NONE | Make: | | Station Entered: |
| Non-Firearm Weapon: | Color: | | Time Entered: |
| Other Weapon Description: | Caliber: | | Metro Card Type: |
| | Type: | | Metro Card Used/Poses: |
| | Discharged: NO | | Card #: |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - UNKNOWN COLOR |
| CLOTHING | FOOTWEAR - LOAFERS/MOCCASINS - BEIGE |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - BEIGE |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | UNKNOWN |
| BODY MARKS | UNKNOWN |
| IMPERSONATION | UNKNOWN |

SCANNED

FEB 0 8 2007

## JUVENILE DATA:

Arrest #: M07608208

| | |
|---|---|
| Juvenile Offender: | Relative Notified: Personal Recog: |
| Number Of Priors: 8 | Name: |
| School Attending: | Phone Called: |
| Mother's Maiden Name: | Time Notified: |

## ASSOCIATED ARRESTS:

Arrest #: M07608208

ARREST ID  COMPLAINT #

## DEFENDANTS CALLS:

Arrest #: M07608208

| CALL # NUMBER DIALED NAME CALLED DATE | TIME |
|---|---|
| 1    --                REFUSED    01/25/2007 | 01:30 |

## INVOICES:

Arrest #: M07608208

INVOICE# COMMAND PROPERTY TYPE VALUE

## ARRESTING OFFICER: DT3 TIMOTHY G BLACK

Arrest #: M07608208

| | |
|---|---|
| Tax Number: 921154 | On Duty: YES |
| Other ID (non-NYPD): 921154 | In Uniform: NO |
| Shield: 3005 | Squad: M2 |
| Department: NYPD | Chart: 96 |
| Command: VED M/S Primary Assignment | |

| | |
|---|---|
| Force Used: NO | |
| Type: | |
| Reason: | |
| Officer Injured: NO | |

| Arresting Officer Name: | Tax #: | Command: | Agency: |
|---|---|---|---|
| DT3 BLACK, TIMOTHY G | 921154 | VED M/S | NYPD |
| Supervisor Approving: SGT SCANLAN | Tax #: 918293 | Command: 489 | Agency: NYPD |
| Report Entered by: LT WILSON | Tax #: 900003 | Command: 489 | Agency: NYPD |

# END OF ARREST REPORT
# M07608208

# EXHIBIT  C

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:  120746

THE PEOPLE OF THE STATE OF NEW  YORK
                    VS

GREEN,NICOLE
Defendant

10/08/1983
Date of Birth

129 PARK PLACE
Address

0329533L
NYSID Number

MANHATTAN            NY
City            State   Zip

01/25/2007
Date of Arrest/Issue

Docket Number: 2007CN000494

Summons No:

230.00
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 06/19/2007 | PLED GUILTY & SENTENCE IMPOSED PG 230.00 CONDITIONAL DISCHARGE=1Y | WEINBERG,R | APAR6 |

**NO FEE CERTIFICATION**

_ **GOVERNMENT AGENCY**        _ **COUNSEL ASSIGNED**

_ **NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED**

**SOURCE** _ **ACCUSATORY INSTRUMENT** _ **DOCKET BOOK/CRIMS** _ **CRC3030[CRS963]**

   I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

FANELLI,R
COURT OFFICIAL SIGNATURE AND SEAL

06/24/2008
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

# EXHIBIT  D

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

**NEW YORK STATE LIQUOR AUTHORITY**
**Hearing Bureau**
**317 Lenox Avenue, 4th Fl.**
**New York, New York 10027**

------------------------------------------------------------------------------------------x

IN THE MATTER OF PROCEEDINGS TO CANCEL OR REVOKE

Serial Number: 1144563 NEW YORK OP 1144563

|  | |
|---|---|
| Docket # | 419-2007 |
| Case # | 38293 |

Issued To:    **GO WEST ENTERTAINMENT INC**
                    **SCORES WEST**

Licensed Premises: 533-535 W. 27TH STREET
                            NEW YORK, N.Y. 10001

------------------------------------------------------------------------------------------x

BEFORE:        **Robert L. Karr, Administrative Law Judge**

A hearing was held on 3/28/07, 07/13/07, 07/17/07, 08/06/07, 08/29/07, 09/25/07, 10/16/07 and 11/14/07 concerning the following charges:

1. That on 01/24/07, through 01/25/07, the licensee suffered or permitted the licensed premises to become disorderly by suffering or permitting females on the licensed premises to solicit male patrons therein for immoral purposes in violation of subdivision 6 of Section 106 of the Alcoholic Beverage Control Law.

2. That on and before 10/22/07 the licensee, through the actions of its principals Richard K. Goldring and Elliot Osher, and its agents and employees, has violated rule 54.2 of the Rules of the State Liquor Authority [9 NYCRR 48.2] in that the licensee has failed to exercise adequate supervision over the conduct of the licensed business; all cause for revocation, cancellation or suspension of the license in accordance with rule 36.1(f) of the Rules of the State Liquor Authority [9 NYCRR 53.1(f)].

The Authority was represented by Robert F. Buckley, Esq.

Martin Mehler, Esq. 305 Broadway, New York, N.Y. 10007 represented the Licensee.

U/C Police Agent 9035, 1581, Lt. Michael Costello, Det. John D'Onfrio, Sgt. Roger Ogara, Det. Timothy Black, Lt. Christopher Murphy, all testified for the Authority.

Gustavo Kiste, Spiro Anastasiads and Police Chief Steven Braille testified for the Licensee.

Authority's Exhibits 1 - 8 and Licensee's Exhibits A were submitted in evidence.

The Hearing was transcribed.

Based on the testimony and record in this case, the Administrative Law Judge makes the following:

## FACTS & FINDINGS:

Undercover Police Officer 9035 testified he went to the premises on 01/24/07 at 11:00 pm. together with two other undercover police officers.   A Hispanic female, Ms. Vasquez, came over to him and asked him if he would like a lap dance.  She was a dancer at the club.  He said "yes" and for $20.00 he received the lap dance.  He gave her another $20.00 for a second dance.  Ms. Vasquez asked him if he wanted a "private dance" in another room.  She said it would cost $500 for the room and $300.00 for her to come to the room.  Another man, Gustavo Kiste, came over at the request of Karina.  Mr. Kiste said he could get the room for $300.   The undercover officer replied he needed to ask another friend for help with the money.  He then asked Ms. Vasquez what he would get for the money.  He then asked for a "blow job" and how much that would be.  Ms. Vasquez said that would be $200.00 more.  He replied that he needed more time and needed to consult with his friend.  He then left the premises with the other undercover officers.  The premises were not crowded, with about 50 – 60 patrons. The conversation with Ms. Vasquez was private.  No one else heard it. The noise level from the music was loud.

Lt. Michael Costello testified he went to the premises on 01/24/07 at 11:30 p.m.  Several dancers asked if he would like a "table dance".  One female dancer then asked him if he would like a private room with her for $200.  She told him that he could negotiate the price for the room.  A male came over to him shortly and said it would cost $600 for a room and $300 to have the dancer he had spoken to before come to the room.

One dancer he spoke to said there would be no sex.  However, later on, another dancer came over and asked if he would like to have sex or a "blow job" for a certain price. The room was dimly lit and the music loud. The conversation about sex was private, and no one overheard the conversation.  He went over to a man working in the premises and asked how much for a private room with a girl.  He replied $600.  The man was dressed in a suite and tie.   There were a few men dressed in a similar manner. These men would ask if he had a good time or needed anything.

Police Det. John D'Onfrio testified he went to the premises on 01/24/07 at 11:00 pm. Several people identified themselves as managers.  They were wearing black suits and white shirts.  Two men were identified as "managers" but all they did was arrange a price for private rooms.  He did not testify they acted as "managers" in any other way.

After the arrest of several females and males he observed two locked rooms. Staff for the premises stated to the police that the two private rooms were locked and no one had a key.  Staff said that one room was a bathroom.

As the police were leaving he knocked on the door and saw a completely naked female with a male caught in the act of pulling up his pants. He knocked on the second room and a female, who was topless, opened the door. There was also a male who was pulling up his pants. The two couples remained in the locked room for about 1 1/2 hours while the police were present. Four females were arrested and three took a plea bargain to a disorderly premise. The fourth female pled guilty to prostitution. Charges against a fifth female were dropped.

Sgt. Roger Ogara testified he went to the premises as an undercover agent. He sat by the bar when he entered. He had a conversation with one dancer who asked if he wanted a lap dance. She performed on stage and then returned later and asked if he would like to go to a rear room. The rear room was through a glass door in the rear area near the restaurant area. There were males dressed in black ties, white shirts and black suits. A lap dance cost $40.00. This dancer said a manager would give him a "price" for a back room. She stated the rooms in the rear were private. She brought over a male manager who said it was $1,500 for a rear room. The manager said he could reduce the price. Officer Ogara declined the offer because it was too expensive. The manager, wearing a black suit, offered to show him the rear room but he declined. This dancer said "anything could happen in the rear room". He asked what could get he could get for $700. She replied he could get anything he wanted. He said he wanted "to fuck." She asked if he was "packing". He replied that he didn't understand what that meant. She explained she was asking if he had a condom. The manager came back and said he could have the room for one half hour for $700.00. The manager asked for cash for the room. The dancer said the people at the club knew what went on in the rear VIP rooms and would leave us alone. Officer Ogara understood the agreement to mean that if he paid $700.00 for the room, he could have sex with her in the room, for one half hour. The woman he spoke to was identified as Nichole Green. She was arrested later that morning. She pled guilty in criminal court to prostitution. There were eight undercover police officers inside on 01/24/07 – 01/25/07. He also understood that several other undercover officers stated that they had conversations with dancers regarding an exchange of sex for money.

Lt. Christopher Murphy testified he was supervising the officers and operation at the premises together with Lt. Costello. He was there as an integrity official to watch the money that the officer spent. There were no problems with the operation.

Undercover Officer #1581 testified he went to the premises on 01/24/07. Female dancers approached him and engaged him in conversation. One dancer offered to perform a lap dance with him. He paid $20.00 for a lap dance for one song. He asked for a blow job and she said she could arrange it for $500.00. He would also have to speak to a "manager" who would show him a room in the rear. The woman was later identified as Collin Mathews, and the manager was Eli Iskolsky. The manager had an electronic swipe key for the rear area. The Officer was shown a room. The manager told him it would be $600 for the room. The rear room had a couch and chair. Another dancer also approached him and offered him a lap dance which he agreed to pay for. He then asked her for a blow job". She refused but said there were other women at the

club who would do it for him. She offered to arrange for the "blow job" for $500. The blow job would take place in the rear room, which he would have to pay for. The manager assured him that he could get a "blow job" in the rear room and have privacy. No one from the club would come in and stop him. At the end of the operation he observed a completely nude woman walk out of one of the rear rooms and enter another room.

He was previously at the premises on December 29, 2006 and had a conversation with a dancer for a "blow job" for $500. He was also told he would have to rent a room from the manager. The police left the club on December 29, 2006 without taking any police action but decided to return with a larger crew of police officers on 01/24/07 and further investigate the situation.

Det. Timothy Black testified that he arrested seven people on 01/24/07. He arrested Ms. Vasquez for prostitution, and charged her with agreeing to have sex for $600 and fellatio for $200. He arrested Ms. Coleen Matthews and charged her with prostitution and also charged her with agreeing to perform fellatio for $500. He arrested Ms. Marianna Nasyrova for agreeing to sexual intercourse for $500 and fellatio for $300. He arrested Ms. Nicole Green for agreeing to sexual intercourse for $700. He arrested Ms. Zamari Cardenas for promotion of prostitution. She allegedly agreed to perform fellatio for $500 and have Matthews perform fellatio for $500. Mr. Eli Iskolsky was arrested and charged with permitting prostitution. Mr. Gustavo Kiste was arrested and charged with permitting prostitution. Ms. Green was arrested previously for prostitution in Queens on 10/27/05 and received a conditional discharge concerning that matter. This time, however, Ms. Green pled guilty to prostitution in Criminal Court. The District Attorney declined to prosecute Ms. Cardenas.

Mr. Gustavo Kiste testified he works as a waiter at the subject premises. He brings food to all areas of the premises and the VIP rooms. He never had a conversation with any guest about renting rooms for sex. There are hosts and managers that work at the premises. The hosts usually deal with the private VIP rooms. These VIP rooms can accommodate several people and have a table, couch, a TV and a device to control the volume and type of music that is played in the VIP rooms. The VIP rooms are opened with a swipe card.

Mr. Spiro Anastasiads testified he has been the general manager for the past three years. He is in charge of hiring and firing female dancers at the club. It is the job of the floor host to meet and greet the patrons. There are private VIP rooms but several employees walk into the rooms on several different occasions when the rooms are rented. Management makes sure nothing illegal takes place inside the rooms. Sexual activity between any patron and dancers is not allowed at all. The VIP rooms are rented for about $1,000 and $500 for a dancer. The police entered on 01/24//07 – 01/25/07. The waiters, host and manager all have a swipe key to the VIP rooms. Lap dancers cost $20 for about one or two songs. He asks about the criminal history of any employee but does not independently check their criminal history.



Police Capt. Steven Braille testified, as a defense witness, that in general, police officers should not be visiting strip bars in the area they patrol. He testified about his background and the general policies of the police in conducting an undercover operation. He was not involved in any specifics of this operation at the premises.

OPINION:

The New York Police Department received an anonymous tip that there was prostitution at the subject premises. The police then sent an undercover team inside the premises on December 29, 2006 to see if there was cause for further investigation. One police officer was successful in engaging a dancer working in the subject club in a conversation for sex for money. The police did not arrest anyone at that time. The police decided to return to the premises on 01/24/07 – 01/25/07 to run a "sting operation" with a full team of police officers working undercover with an arrest team waiting outside the premises.

The Police arrived on 1/24/07 and began a large undercover operation to determine if prostitution was occurring at the premises. The undercover police officers entered and engaged employee dancers in sexual related conversations, during which prices were discussed for various sex acts, involving sexual intercourse and fellatio which would be performed by the dancers with the undercover officers. In addition to the prices for the sex acts themselves, the officers were told there would be an additional price for renting a private room. The dancers told the officers that the price could be negotiated with any of the "floor managers/employees". There were several floor managers. Floor managers dressed in black suits, black ties and white shirts. One of the floor managers offered to show the private room to Sergeant Ogara but he declined to look at the room. Ogara was assured that the area was locked, private and that there were no cameras present.

Undercover officer 9035 gave credible testimony that he could receive a "private dance" with one of the dancers, Ms. Vasquez. Ms. Vasquez stated it would cost $500 for the room and $300 for her to come to the room. Ms. Vasquez also said it would cost an additional $200 for her to perform fellatio on him. The price for the room was confirmed by Mr. Gustavo Kiste.

Police Lt. Costello gave credible testimony that a dancer asked him if he would like to go to a private room with her for $200. She said if he would like to do so, he would have to talk to a floor manager about the price. A floor manager dressed in a black suit and white shirt came over to him and informed him he could have the dancer for $300 and $600 for the room. He spoke to several dancers that night. One dancer said there would be no sex included in the private room but another dancer told him she would be willing to have sex or give him a "blow job" for U. S. currency.

Police Detective D'Onfrio gave credible testimony that he was part of the arrest team at the premises on 01/24/07 – 01/25/07. The police arrested five females and two males, after an undercover "sting operation" which took several hours to complete. After the arrests, the club announced the music would be played and business would resume as

usual. The club offered free drinks to the patrons remaining. The police started to leave. As Detective D'Onfrio was leaving, he noticed two locked doors. Other police officers told him that they tried to open the doors but were unable to do so. The employees of the club stated no one had a key. The police did not have a search warrant and did not pursue the matter further as they successfully arrested the seven people they wanted to arrest. However, Detective D'Onfrio knocked on the second door and to his complete surprise a completely naked female opened the door. He looked inside and saw a male who was pulling up his pants. He then decided to also knock on the other room and a female, who was topless, opened the door. He looked inside and observed a male who was in the process of pulling up his pants. He believed that the two couples remained in the locked room for about 1 1/2 hours while the police were present and conducted their investigation. I believe the employees lied to the police when they said they did not have a swipe key to these rooms. I believe the employees refused to open the locked rooms because they were afraid of what the police would find inside. Five female employees and two male employees were arrested. However, Detective D'Onfrio decided not to arrest anyone in these rooms.

I also credit Sgt. Ogara's testimony that one dancer offered him sex for money. In addition, I credit his testimony that a floor manager offered to rent him a rear room in the premises. The price for this room was negotiated down from $1,500 to $700. The dancer told Sgt. Ogara he could receive "anything he wanted". I find that the parties clearly understood the offer was sex for money based upon the amount of money offered and the conversation Sgt. Ogara had, making it clear that he expected sex. The dancer asked if he had a condom, also making it clear that she understood that they would have sex together.

The following employees were arrested at the premises:

Ms. Vasquez, a 32 year old female, was arrested and charged with one count of Prostitution, which is a B misdemeanor, "after an offer and agreement to perform fellatio in exchange for $200 USC." She pled guilty to a disorderly premises charge.

Ms. Nicole Green, a 23 year old female, was arrested and charged with one count of Prostitution, which is a B misdemeanor, after she "agreed to perform a sexual intercourse for $700 USC." Ms. Green pled guilty to prostitution.

Ms. Colleen Matthews, a 22 year old female, was arrested and charged with one count of Prostitution, which is a B misdemeanor, after she "agreed to perform a sex act (oral sex) for $500 USC." She pled guilty to a disorderly premises charge.

Ms. Marianna Nasyarova, a 19 year old female, was arrested and charged with one count of Prostitution, which is a B misdemeanor, after she "agreed to perform a sex act (oral sex) for $300 USC." She pled guilty to a disorderly premises charge.

Mr. Eli Iskolsky, a 36 year old male, was arrested and charged with one count of permitting prostitution, which is a B misdemeanor, because he, "was in control of the premise where prostitution was taking place. He pled guilty to a disorderly premises charge.

Mr. Gustavo Kiste, a 29 year old male, was arrested and charged with one count of Permitting Prostitution, which is a B misdemeanor, because he, "was in control of premises where prostitution was taking place." He pled guilty to a disorderly premises charge.

Ms. Zamari Cardenas was arrested and charged with promotion of prostitution. Charges were dismissed against Ms. Cardenas upon prosecutor's declination to prosecute the case.

Based upon all of the above I find substantial and believable evidence that the licensee permitted and suffered the premises to become disorderly by permitting employees to engage in acts of prostitution and permitting prostitution in violation of Section 106(6) of the Alcoholic Beverage Control Law and also the Licensee's failure to properly supervise the premises.

The record reveals there were several female and male employees that were engaged in various acts of prostitution or the permitting of prostitution. The premises have VIP rooms that are locked with a swipe key where patrons can enter. One police officer observed a fully naked female and a topless female in each of these rooms. A male was also in each of these rooms with the female and was observed pulling up his pants. It strains creditability to believe that no illicit activity occurred in these rooms. I do not believe this behavior at the premises was isolated, insignificant or sporadic, that it was unknown to management, based upon the number of employees involved, the fact that there were locked rooms for couples to use, and the amount of money paid for these rooms. The police received a tip that there was prostitution going on at the premises and verified it both on 12/29/06 and between 01/24/07 – 01/25/07.

One employee/dancer, Ms. Green, was previously arrested for prostitution. Ms. Green admitted in Criminal Court that she was indeed guilty of prostitution on 01/24/07 – 01/25/07. I find the club did not perform a thorough background check on her.

I find that the sexual activity in the license premises was open and notorious such that the licensee knew or should have known of its occurrence. Either the licensee condoned the activity or was ineffective in preventing the activity. I conclude that the licensee failed to exercise the proper degree of meaningful supervision.

A licensee and/or its agent, exercising proper supervision, would have and should have known of the unlawful activities involved in this case. The licensee should have made a diligent inquiry into the activities being conducted in the rear locked rooms. The licensee cannot avoid the consequences of violating the law merely by choosing to close its eyes.

<u>CONCLUSION:</u>

All charges are sustained.

Robert L. Karr
Administrative Law Judge

RLK/lp
Dated:  02/04/08

**NEW YORK STATE LIQUOR AUTHORITY**
**FULL BOARD DISPOSITION**
**MEETING OF 03/05/2008**

03/06/2008

GO WEST ENTERTAINMENT INC
SCORES WEST
533 535 W 27TH STREET
NEW YORK NY 10001

Re:   1144563, NEW YORK OP 1144563
      DO # 419-2007/Case # 38293
      AGENDA ITEM NO. 2008-00743F

Dear Licensee:

The Members of the Authority at their regular meeting on 03/05/2008 determined as follows with regard to the above captioned matter:

CHARGES SUSTAINED

Penalty is the following:

    Civil Penalty: $20000.00
    Bond Claim: $1000.00
    Revocation

Penalty Due by: 04/04/2008

**NOTE:** A civil penalty must be paid in full, no installments, by **CERTIFIED CHECK, OFFICIAL BANK CHECK OR MONEY ORDER** payable to the *State Liquor Authority*. Mail payments to the **New York State Liquor Authority, Revenue Collections Unit (CP), 80 South Swan Street, Suite 900, Albany, New York 12210-8002**, by the above due date. To insure proper credit, please list your license serial number and name on the check.

If the Authority has to impose a Bond Claim, a demand for the bond claim will be made to your bonding company, who will then seek repayment from you and additional expenses may be incurred in connection with the restoration of the bond. You will be required to restore your bond, pursuant to Rule 9.7(b) of the Rules of the State Liquor Authority [9 NYCRR 81.7(b)], which has been forfeited by reason of this penalty, within 10 days. A restoration of the bond will be required to continue in business and avoid futher disciplinary proceedings.

JACQUELINE HELD
NEW YORK STATE LIQUOR AUTHORITY
SECRETARY'S OFFICE
80 South Swan Street, Suite 900
Albany, NY 12210
[518] 402-4394
secretarys_office@abc.state.ny.us

cc:    file
MARTIN P. MEHLER
MEHLER & BUSCEMI
305 BROADWAY SUITE 1102
NEW YORK NY 10007

# NEW YORK STATE LIQUOR AUTHORITY

## REVOCATION ORDER
## EFFECTIVE IMMEDIATELY

**WITH $1,000 BOND CLAIM
PLUS $20,000 CIVIL PENALTY**

1144563, NEW YORK OP 1144563

GO WEST ENTERTAINMENT INC
SCORES WEST
533 535 W 27TH STREET
NEW YORK, NY 10001

419-2007/Case No. 38293

Proceedings having been duly instituted pursuant to the provisions of the Alcoholic Beverage Control Law, (Chapter 478 of the Laws of 1934, as amended) to cancel or revoke the above license issued to the licensee for premises located at the address stated above and the licensee having duly pled "no contest" to the charges contained in the Notice of Pleading or a hearing having been duly held by the State Liquor Authority in connection with said proceedings, and

The matter having been duly considered by the State Liquor Authority at a meeting held on 03/05/2008, and the Authority having found;

1. That on 1/24/2007 through 1/25/2007, the licensee suffered or permitted the licensed premises to become disorderly by suffering or permitting females on the licensed premises to solicit male patrons therein for immoral purposes in violation of subdivision 6 section 106 of the Alcoholic Beverage Control Law.
2. That on and before 1/23/2007, the licensee, through the actions of its principals Richard K. Goldring and Elliot Osher, and its agents and employees, has violated rule 54.2 of the Rules of the State Liquor Authority [9 NYCRR 48.2] in that the licensee has failed to exercise adequate supervision over the conduct of the licensed business; all cause for revocation, cancellation or suspension of the license in accordance with rule 36.1(f) of the Rules of the State Liquor Authority [9 NYCRR 53.1(f)].

IT IS HEREBY ORDERED that the license aforesaid issued to said licensee for the above described premises be, and the same hereby is **REVOKED**, effective ___IMMEDIATELY___ ; and

IT IS FURTHER ORDERED that said licensee surrender said license forthwith to the State Liquor Authority or its duly authorized representative, on the above effective date.

Dated: 04/17/2008

STATE LIQUOR AUTHORITY

Certified by

JACQUELINE HELD
Secretary to the Authority

DANIEL B. BOYLE
CHAIRMAN

To:     533 535 W 27TH STREET, NEW YORK, NY 10001

Licensee's name and residence address
GOLDRING,RICHARD K, 5 FOX CHASE DR, WATCHUNG, NJ 070609
Licensee's Landlord
KAZVIN REALTY CORP, 359 GRASSY SPRAIN RD, YONKERS, NY 10710

Please take notice that under the provisions of the Alcoholic Beverage Control Law, no license may be issued to said licensee for a period of two years from the date of such revocation.

Please take notice that any person who shall sell any alcoholic beverages, without a license by the Liquor Authority or after his license has been revoked, cancelled or surrendered, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than two hundred dollars nor more than twelve hundred dollars or by imprisonment in a county jail or penitentiary for a term of not less than thirty days nor more than one year or both.

# EXHIBIT  E

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

SCANNED ON 3/13/2008

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:    **WALTER B. TOLUB**                              PART 15

_____
                          *Justice*

Go West Entertainments Inc    INDEX NO.    10348² 08

                                          MOTION DATE _____

- v -

NYS Liquor Authority    MOTION SEQ. NO. _____1_____

                                          MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:**   ☐ Yes   ☐ No

Upon the foregoing papers, It is ordered that this ~~motion~~ Action is transmitted to the Appellate Division (CPLR §5704(a)) pursuant to the Agreement of counsel

order signed

FILED
MAR 13 2008
NEW YORK
COUNTY CLERKS OFFICE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: _____3/11/08_____

_____
                    WALTER B. TOLUB  J.S.C.

Check one:   ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

# EXHIBIT  F

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

## STATE OF NEW YORK
### DIVISION OF ALCOHOLIC BEVERAGE CONTROL

| 80 South Swan Street, Suite 900 | 317 Lenox Avenue | 535 Washington Street, Suite 303 |
| Albany, NY 12210-8002 | New York, NY 10027 | Buffalo, NY 14203 |

**IN THE MATTER OF PROCEEDINGS TO CANCEL OR REVOKE**

**NOTICE OF PLEADING**

1143246, NEW YORK OP 1143246

1740-2008/Case No. 49305

333 EAST 60TH STREET INC
SCORES
333 E 60TH STREET
NEW YORK, NY 10022

PLEASE TAKE NOTICE, that pursuant to Section 118 of the Alcoholic Beverage Control Law you are required to answer by mail as provided below, or in person, at the office of the Division of Alcoholic Beverage Control, 80 South Swan Street, Suite 900, Albany, New York 12210-8002, on **05/16/2008**, at 11:00 AM. in connection with proceedings to cancel or revoke the above-referenced license, and to plead to the following charge(s):

1. That, pursuant to subdivision 5(a) of Section 126 of the Alcoholic Beverage Control Law, the licensee is forbidden to hold a license, to wit: on 3/5/08 the State Liquor Authority revoked for cause a license issued to the licensee, Richard K. Goldring (President) & Elliot Osher (Vice - President), under serial number New York OP 1144563.

PLEASE TAKE NOTICE THAT YOUR FAILURE TO PLEAD WILL BE DEEMED A "NO CONTEST" PLEA AND NO FURTHER HEARING WILL BE HELD.

PLEASE TAKE FURTHER NOTICE that you may be represented by counsel.

PLEASE TAKE FURTHER NOTICE that you may plead to the charge(s) by mail instead of by personal appearance provided that a letter signed by you or your attorney, setting forth your plea of "Not Guilty" or "No Contest" is received by the Office of Counsel of the Division of Alcoholic Beverage Control at the above Albany address on or before the pleading date specified above.

PLEASE TAKE FURTHER NOTICE that the maximum penalty may be a revocation and forfeiture of the Bond filed by you, and or a civil penalty. In addition, if the Authority revokes the license, the Authority may proscribe the issuance of a license at the premises for a period of two years from the date of revocation of the license.

PLEASE TAKE FURTHER NOTICE: If you plead not guilty to the charge(s), a hearing will thereafter be scheduled at which you may appear with counsel, produce witnesses, and introduce evidence in your behalf.

PURSUANT TO SECTION 301 of the State Administrative Procedure Act, interpreter services shall be made available to deaf persons, at no charge, by the Authority.

Date:    05/02/2008

Licensee's name and residence address
GOLDRING, RICHARD K
5 FOX CHASE DR, WATCHUNG, NJ 07069

DIVISION OF ALCOHOLIC BEVERAGE CONTROL

Office of Counsel
by:    MaryJo Lattimore-Young
80 South Swan Street, Suite 900
Albany, New York 12210-8002

Licensee's Landlord
CLUB AT 60TH STREET INC
1396 VISTA MORAGA DR, LOS ANGELES, CA 90049

Notice to Landlord:   As stated above, in the event the disposition of this case results in a Revocation of the license, the Authority may impose, as part of the penalty, a two year prohibition against the issuance of any alcoholic beverage license at these premises.

Tel:  [518] 474-6750, Fax [518] 402-2304
E-mail: albanycounsel@abc.state.ny.us

Certified Mail # 7004 2510 0004 7871 3663

# EXHIBIT  G

**to**
**Declaration of Paula Van Meter**
**In Support of City of New York's Cross-Motion to Dismiss**
**and In Opposition to Plaintiff's Motion for Preliminary Injunction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                          Plaintiff,     08 Civ. 4147 (RJS)

             -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL          **DECLARATION IN**
B. BOYLE, individually, LAWRENCE J. GEDDA,       **OPPOSITION TO**
individually, NOREEN HEALEY, individually, and the   **PLAINTIFF'S MOTION FOR**
CITY OF NEW YORK,                                **PRELIMINARY**
                                                 **INJUNCTION**

                                          Defendants.

-------------------------------------------------------------------- x

        MICHAEL J. COSTELLO declares, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following statements are true:

        1.  I am a Lieutenant in the New York City Police Department ("NYPD"), and am assigned to the Organized Crime Control Bureau, Vice Enforcement Division. I make this declaration based upon my personal knowledge and experience as well as conversations with other NYPD officers and City employees and review of City records.

        2.  On January 24, 2007, I acted as Integrity Control Officer with a NYPD undercover team, comprised of officers assigned to Manhattan South Vice Enforcement and to the Vice Enforcement Division, working to investigate alleged acts of prostitution at the Scores Club located on West 28th Street in Manhattan. During that investigation, I was offered sexual acts by a dancer at the club in return for a fee, and I was offered the use of a private room in the club for the performance of the sexual acts for an additional fee by other club personnel, as detailed in sworn testimony that I gave at a hearing held by the New York State Liquor

Authority ("SLA") concerning the results of the investigation. Other NYPD officers involved in the investigation were also offered acts of prostitution, resulting in numerous arrests for Prostitution (Penal Law §230.00) and related offenses on January 25, 2007, as detailed in sworn testimony provided by several of those NYPD officers to the SLA. One of the individuals arrested for Prostitution was an individual named Nicole Green who pled guilty to the crime of Prostitution as a result of that arrest.

3. As Integrity Control Officer assigned to the investigation I was observing the activities of the police officers involved, all of which conformed to proper procedure.

4. I understand that the investigation of prostitution at the Scores Club originated from an anonymous complaint received by the NYPD. I have not had any other contact with the Scores Club other than the aforesaid investigation and testimony before the SLA.

5. I am familiar with the practice of the NYPD to close certain streets on which clubs are located during nighttime hours of particularly heavy pedestrian traffic. At those times when the numbers of people and/or the amount of vehicular traffic outside the clubs causes congestion resulting in blockage of the street, it is common for the NYPD to close a street to vehicular traffic for limited periods of time. This is done to protect pedestrian safety and to ensure that the street is clear for emergency use.

6. One of the streets frequently closed by the NYPD during weekend nighttime hours is West 27th Street, between 10th and 11th Avenues, on which block a number of clubs are located including Guest House, Cain, Suzie Wong, Pink Elephant, Bungalow 8, and the rear entrance to Scores. West 21st Street, between 5th and 6th Avenues, on which a number of clubs is located including Duvet, Snitch, Porky's and Taj is also frequently closed by the NYPD for the reasons of public safety previously described. West 28th Street, between 10th and 11th

Avenues, on which block the main entrance to Scores is located as well as the clubs Prime and the Eagle is sometimes closed for the same reasons but with less frequency.

Dated:     New York, New York
           June 26, 2008

                                        Lieutenant MICHAEL J. COSTELLO

-3-