UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                                    Plaintiff,

          -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL          08 Civ. 4147 (RJS)
B. BOYLE, individually, LAWRENCE J. GEDDA,
individually, NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                                                    Defendants.

--------------------------------------------------------------------- x


**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**



                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for the City defendants
                    100 Church Street
                    New York, New York 10007
                    (212) 442-4050

July 8, 2008

ROBIN BINDER
PAULA VAN METER,
          Of Counsel.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF MATERIAL FACTS ............................................................................... 4

ARGUMENT

    POINT I

        PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE
        CLAIM AGAINST THE CITY ........................................................................ 5

    POINT II

        PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY
        INJUNCTION OR HEARING ........................................................................ 7

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

ATSI Communs., Inc. v. Shaar Fund, Ltd.,
   493 F.3d 87 (2d Cir. 2007)..............................................................................6

Baker v. Carr,
   369 U.S. 186 (1962)......................................................................................7

Bell Atlantic Corp. v. Twombly,
   __ U.S. __,127 S. Ct. 1955 (2007).............................................................5, 6

Conley v. Gibson,
   355 U.S. 41, 45-46 (1957) ..........................................................................5, 6

Bery v. City of New York,
   97 F.3d 689 (2d Cir. 1996),
   cert. denied, 520 U.S. 1251 (1997) .................................................................8

DJL Restaurant Corp. v. City of New York,
   96 N.Y.2d 91 (2001) ....................................................................................7

Davidson v. Flynn,
   32 F.3d 27 (2d Cir. 1994)..............................................................................5

Fifth Avenue Peace Parade v. Gray,
   480 F.2d 326 (2d Cir. 1973)...........................................................................6

Grandon v. Merrill Lynch & Co.,
   147 F.3d 184 (2d Cir. 1998)...........................................................................5

Guiness & Sons PLC v. Sterling Public Co.,
   732 F.2d 1095 (2d Cir. 1984).........................................................................8

Harrisonville v. W.S. Dickey Clay Manufacturing Co.,
   289 U.S. 334 (1933)......................................................................................8

Henson v. CSC Credit Services,
   29 F.3d 280 (7th Cir. 1993) ...........................................................................4

International Audiotext Network, Inc. v. Amer. Tel. & Tel. Co.,
   62 F.3d 69 (2d Cir. 1995)..............................................................................4

**Page**

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)..................................................................................5, 6

Laird v. Tatum,
    408 U.S. 1 (1972)....................................................................................................6

Madonna v. United States,
    878 F.2d 62 (2d Cir. 1989)......................................................................................5

Moose Lodge No. 107 v. Irvis,
    407 U.S. 163 (1972)................................................................................................7

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998)......................................................................................4

People v. DeJesus,
    54 N.Y.2d 465 (1981).............................................................................................7

Plaza Health Laboratoriess, Inc. v. Perales,
    878 F.2d 577 (2d Cir. 1989)....................................................................................8

Polymer Tech. Corp. v. Mimran,
    37 F.3d 74 (2d Cir. 1994)........................................................................................8

Standard & Poor's Corp. v. Commodity Exchange, Inc.,
    683 F.2d 704 (2d Cir. 1982)....................................................................................8

Time Warner Cable of New York City v. Bloomberg, L.P.,
    118 F.3d 917 (2d Cir. 1997)....................................................................................8

Tucker Anthony Realty Corp. v. Schlesinger,
    888 F.2d 969 (2d. Cir. 1989)...................................................................................9

Weinberger v. Romero-Bancelo,
    456 U.S. 305 (1982)................................................................................................8

Yakus v. United States,
    321 U.S. 414 (1944)................................................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                        Plaintiff,

            -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL          08 Civ. 4147 (RJS)
B. BOYLE, individually, LAWRENCE J. GEDDA,
individually, NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                                        Defendants.

-------------------------------------------------------------------- x

## DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

The City of New York (the "City"), defendant herein, submits this memorandum of law in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") because the complaint fails to state a cause of action against the City. Secondarily, in addition, this memorandum of law responds briefly to the motion for preliminary injunction brought by plaintiff seeking a hearing on its application to enjoin the defendant New York State Liquor Authority ("SLA") from proceeding in its review of plaintiff's liquor license. Plaintiff's motion, directed at the SLA, is without merit and there is no basis to require a hearing, which likely would involve City witnesses, or for the grant of relief.

Plaintiff, 333 East 60th Street, Inc., is the owner of premises located at 333 East 60th Street, between 1st and 2nd Avenues in Manhattan, which is described in the complaint as a "restaurant and gentlemen's club", identified as Scores East, featuring topless dancers. The

principals of plaintiff corporation are also the principals of Go West Entertainment, Inc. which is the corporate owner of another club in Manhattan, Scores West, located at 533-535 West 27th Street, between 10th and 11th Avenues, that is also described by plaintiff as a "gentlemen's club" featuring topless entertainment. Plaintiff's complaint, dated May 1, 2008, seeks a permanent injunction enjoining the defendants from "revoking and/or suspending Scores East's liquor license and/or otherwise chilling it in the exercise of its First Amendment protected rights". Complaint at p.6, a copy of which is attached as Exhibit A to the Declaration of Paula Van Meter dated July 8, 2008 ("Van Meter Declaration").

The complaint alleges acts of purported misconduct by members of the New York City Police Department ("NYPD") and alleged "plans" by the City that plaintiff asserts violated plaintiff's rights protected by the First Amendment and/or were intended to chill plaintiff's exercise of conduct protected by the First Amendment. However, all the acts alleged by plaintiff as illegal involved Scores West, not Scores East, and there is no demonstration of any actual impact on plaintiff by any act of the City and no plausible allegation of violation of plaintiff's constitutional rights or chilling of plaintiff's exercise of such rights.

Plaintiff asserts, as bases for its claim against the City:

- NYPD officers abused their authority by consuming food and alcoholic beverages at Scores West without paying for them, and without paying the fee for admission to Scores West, for a 12 month period prior to January, 24, 2007. Complaint ¶6.

- The City planned to coerce Scores West's cessation of business. Complaint ¶7.

- NYPD officers closed off the blocks of West 27th and West 28th Streets between 10th and 11th Avenues to vehicular traffic, during certain nighttime hours, which caused Scores West clientele and employees to have to park their vehicles outside that block. Complaint ¶8.

- Nightclubs not featuring topless dancers have not been subject to closure by the City but other nightclubs featuring topless dancing have been subject to the same closure as Scores West. Complaint ¶¶ 9, 10.

- The City and SLA brought "pretextual charges of prostitution" against individuals at Scores West, after which the SLA commenced license revocation proceedings against Scores West. Complaint ¶11.

- The SLA issued an emergency suspension of Scores West's liquor license, allowed disruption of the Scores West license proceedings, and revoked Scores West's license all pursuant to an agreement with the City with a view towards chilling the exercise of First Amendment protected conduct at Scores West and Scores East. Complaint ¶¶12, 13, 14.

- The SLA and the City announced their intent to suspend or revoke Scores East's liquor license motivated because the same First Amendment expressive activities that had occurred at Scores West were ongoing at Scores East. Complaint ¶15.

- In the event that the SLA suspends or revokes Scores East's liquor license, the City through the NYPD will enforce the SLA action and will prohibit future First Amendment protected activity at Scores East. Complaint ¶16.

Plaintiff does not have standing to assert alleged constitutional violations against Scores West or its employees. To the extent that plaintiff is asserting that actions taken against Scores West have had a chilling effect on the exercise of protected activities at Scores East, these assertions are unsubstantiated, purely conjectural and are not sufficient to support a justiciable claim. Plaintiff has not asserted a single fact demonstrating any impact on Scores East's operation to date, and has not demonstrated any violation of rights held by Scores East. The allegation of possible future enforcement action by the City is speculative and insufficient to constitute a claim. Further, the ability to revoke or suspend plaintiff's liquor license is not within the authority of the City but is a power exclusively held by the SLA, pursuant to the New York Alcoholic Beverage Control Law §§ 2, 17. Therefore, the demand for relief sought by plaintiff, to enjoin the City from suspending or revoking its liquor license, is without merit. Accordingly, the complaint wholly fails to state a cause of action against the City and should be dismissed as

against the City.  Further, plaintiff's demand for interim preliminary injunctive relief should be denied.

## STATEMENT OF MATERIAL FACTS

The statement of facts are set forth in the complaint ¶¶ 6-16.  For the purposes of the City's motion to dismiss the complaint pursuant to FRCP 12(b)(6), the City will assume those facts to be true, as amplified by matters of public record and documents that plaintiff had prior to framing the complaint.  The complaint is deemed to include any written instrument attached to it as an exhibit, or any statements or documents incorporated in it by reference.  See Int'l Audiotext Network, Inc. v. Amer. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).  In deciding whether to dismiss a complaint under Rule 12 (b)(6), the Court may also consider matters of public record.  See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) (noting that it is well-established that a district court may rely on matters of public record in deciding a motion to dismiss under FRCP 12(b)(6)); see also, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1993).

The record reflects that NYPD members of the Manhattan South Vice Enforcement Division investigated a report of prostitution being conducted at Scores West, which investigation resulted in arrests, as reported on Arrest Reports attached to the Van Meter Declaration as Exhibit B, and the conviction for the crime of Prostitution of one of the individuals arrested, as reported on the Certificate of Disposition attached to the Van Meter Declaration as Exhibit C; complaint ¶11.  Thereafter, the SLA gathered information about the NYPD investigation and arrests, and commenced a proceeding to cancel or revoke the liquor license at Scores West, as reflected by the SLA Notice of Pleading and Report of Investigation attached to the Van Meter Declaration as Exhibit B; complaint ¶11.  After eight days of hearings in the SLA  proceeding, Administrative Judge Robert L. Karr made findings that individuals at

Scores West had engaged in acts of prostitution, as detailed in his Report of Facts and Findings dated February 4, 2008, attached to the Van Meter Declaration as Exhibit D.  Based upon theses findings the SLA determined that the charges brought by the SLA against Scores West had been sustained and issued a Revocation Order of its license, as reflected in the Notice of Determination and Revocation Order attached to the Van Meter Declaration as Exhibit D; complaint ¶14.  As a result, the SLA commenced a proceeding against Scores East to cancel or revoke its liquor license pursuant to ABC Law §126(5)(a) that forbids a licensee to hold any liquor license once that same licensee has had a license revoked, as reflected in the Notice of Pleading attached to the Van Meter Declaration as Exhibit F.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM AGAINST THE CITY

The City moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).  On such a motion, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor.  See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)).  Following the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, __ US __,127 S. Ct. 1955 (2007), the Second Circuit has clarified the standard of review for a motion to dismiss pursuant to FRCP 12(b)(6).  See Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).  The Supreme Court in Bell Atlantic expressly rejected the oft-cited Conley v. Gibson standard which stated a court should dismiss a claim when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her

to relief." Bell Atlantic, 127 S. Ct. at 1968-69 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Rather, a motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is ***plausible*** on its face. Id. at 1974 (emphasis added). The factual allegations of the complaint must be more than speculative, and show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964-65. The Second Circuit has interpreted Bell Atlantic to mandate a "flexible 'plausibility standard', which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal, 490 F.3d at 157-58; see also ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Plaintiff's complaint does not meet this plausibility standard. The complaint alleges a plan by the City, and agreement with the SLA, to force Scores East out of business, but provides no facts that support such allegations. While plaintiff alleges that its exercise of activity protected by the First Amendment, i.e. providing topless dancing at Scores East, has been chilled by actions taken by the City at Scores West, there are no facts provided to show any impact or chilling effect on any of the activities at Scores East. Mere allegations of a subjective "chill" have been held to be an inadequate substitute for a claim of specific present objective harm, or a threat of a specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972); Fifth Ave. Peace Parade v. Gray, 480 F.2d 326 (2d Cir. 1973).

Plaintiffs cannot point to any present harm suffered by them from any City action. The references in the complaint to arrests of individuals at Scores West, allegations of disruption of the SLA proceeding concerning Scores West, and interruption of vehicular traffic on the streets on which Scores West is located are all irrelevant and do not demonstrate any harm to plaintiff. Further, plaintiff which is a different corporate entity from the corporate owner of

Scores West does not have standing to seek redress for injuries done to others. See, <u>Baker v. Carr</u>, 369 U.S. 186, 204 (1962); <u>Moose Lodge No. 107 v. Irvis</u>, 407 U.S. 163, 166 (1972).

The threat of future revocation of plaintiff's liquor license as a result of the SLA proceeding currently pending is not within the control of the City. The SLA has exclusive jurisdiction over the issuance and revocation of liquor licenses in the State of New York. See, ABC Law §§2, 17; <u>DJL Restaurant Corp. v. City of New York</u>, 96 NY2d 91 (2001), citing <u>People v. DeJesus</u>, 54 NY2d 465, 469 (1981). Therefore, the relief sought by plaintiff, enjoining the revocation of their license, is not within the authority of the City.

The complaint asserts as its First and only Claim that defendants violated its First Amendment rights.[1] Complaint ¶17. The facts of record reflect only actions taken by the City in furtherance of proper law enforcement. Plaintiff's unsupported allegations of misconduct and constitutional violation do not make out a plausible claim against the City. Accordingly, the complaint should be dismissed as against the City.

### POINT II

### PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION OR HEARING

Plaintiff has moved, by Order to Show Cause submitted June 16, 2008 , for a court order, "scheduling a preliminary injunction hearing to bar, on First Amendment grounds, Defendant New York State Liquor Authority from prosecuting against Plaintiff a liquor license revocation proceeding." Order to Show Cause p.1. Plaintiff is not entitled to preliminary injunctive relief. Plaintiff prolonged the hearing of the revocation of the Scores West license

---

[1] The complaint also suggests selective enforcement and malicious prosecution directed at Scores West. See, complaint ¶¶ 8, 9, 11. However, Scores East lacks standing to assert such claims on behalf of Scores West, which are based upon only conclusory allegations that fail to meet the threshold legal requirements for such claims.

into eight days of testimony, and it appears that plaintiff is seeking to revisit those same issues, that are currently on review before the Appellate Division First Department, before this Court. There is no basis to grant such a hearing.

To obtain a preliminary injunction, a plaintiff must establish (a) that it is necessary to prevent irreparable harm; and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. See Polymer Tech. Corp. v. Mimran, 37 F.3d 74, 77-78 (2d Cir. 1994); Guiness & Sons PLC v. Sterling Pub. Co., 732 F.2d 1095, 1099 (2d Cir. 1984). However, in a case in which "the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme," the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard. Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989); Bery v. City of New York, 97 F.3d 689, 694 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997); See also, Time Warner Cable of New York City v. Bloomberg, L.P., 118 F.3d 917, 923 (2d Cir. 1997).

An injunction "is not a remedy which issues as of course." "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Weinberger v. Romero-Bancelo, 456 U.S. 305, (1982); Harrisonville v. W.S. Dickey Clay Mfg. Co., 289 U.S. 334, 337-38 (1933). See, Yakus v. United States, 321 U.S. 414, 440 (1944). Whether the relief sought is in the public interest is a factor which may be considered. Standard & Poor's Corp. v. Commodity Exchange, Inc., 683 F.2d 704, 711 (2d Cir. 1982).

Plaintiff cannot establish irreparable harm or make a clear showing of the likelihood of success on the merits. Thus, plaintiff's application for a hearing and preliminary injunction should be denied.

As discussed, plaintiff has failed to demonstrate any constitutional violation, so any alleged irreparable harm would have to be based upon the possible impact to Scores East business that would result from a revocation of its liquor license. However, to warrant the granting of a preliminary injunction, the alleged irreparable harm "must be one requiring a remedy of more than mere monetary damages. A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 972 (2d Cir. 1989). Here, plaintiff has provided no evidence that any damages sustained in the unlikely event that it is ultimately successful on the merits of its claim cannot be rectified by financial compensation.

For the reasons discussed above, plaintiff cannot make a clear showing of the likelihood of success on the merits -- because their claim has no merit. Plaintiff's allegations in the complaint of wrongdoing by Defendants are completely unsupported. A notable example of such an allegation that lacks merit, as well as relevance, is the allegation that police have restricted vehicular traffic on West 27th and West 28th Streets, on the block on which Scores West is located, in order to target Scores West and curtail its business. In fact, police action to control vehicular traffic on those blocks is taken for the protection of the large number of patrons of the many nightclubs located on those blocks, as detailed in the Declaration In Opposition to Plaintiff's Motion for Preliminary Injunction of Lieutenant Michael Costello, dated June 26, 2008, attached to the Van Meter Declaration as Exhibit G.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the City's motion to dismiss the complaint as against the City, deny plaintiff's application for a preliminary injunction and any hearing on such application, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 8, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for the City defendants
100 Church Street
New York, New York 10007
(212) 442-4050

By:    PAULA VAN METER (PV0076)

-10-