UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

33 EAST 60TH STREET, INC. d/b/a          :          08 Civ. 4147 (RJS) (GWG)
Scores East,

                              :

              Plaintiff,

                              :

-against-

                              :

NEW YORK STATE LIQUOR AUTHORITY,
DANIEL B. BOYLE, individually,          :
LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individually, and the          :
CITY OF NEW YORK,

                              :

              Defendants.

                              :

-----------------------------------------------------------------X

### STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

                          ANDREW M. CUOMO
                          Attorney General of the
                           State of New York
                          **Attorney for State Defendants**
                          120 Broadway – 24th Floor
                          New York, NY 10271-0332
                          (212) 416-8645

LITIGATION BUREAU:

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel
  of Counsel

July 8, 2008

## Table Of Contents

|  |  | Page |
|---|---|---|
| Preliminary Statement ................................................................................... | | 1 |
| Facts Pertinent To The Motions ..................................................................... | | 2 |
| Standard Of Review On These Motions .......................................................... | | 6 |
| POINT I | THIS COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE LIQUOR AUTHORITY ........................................... | 8 |
| POINT II | THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BOYLE, GEDDA AND HEALEY ...................................................................... | 9 |
| POINT III | THIS COURT MUST ABSTAIN FROM ENJOINING ONGOING STATE ADMINISTRATIVE PROCEEDINGS ................................. | 10 |
| POINT IV | THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS AGAINST THE INDIVIDUAL DEFENDANTS ............ | 13 |
| POINT V | PLAINTIFF HAS FAILED TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS ............ | 14 |
| Conclusion ...................................................................................................... | | 16 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

33 EAST 60TH STREET, INC. d/b/a          :          08 Civ. 4147 (RJS) (GWG)
Scores East,
                                                   :
          Plaintiff,
                                                   :
-against-
                                                   :
NEW YORK STATE LIQUOR AUTHORITY,
DANIEL B. BOYLE, individually,                     :
LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individually, and the               :
CITY OF NEW YORK,
                                                   :
          Defendants.
                                                   :

---------------------------------------------------------------X

## STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### Preliminary Statement

This memorandum of law is respectfully submitted by

ANDREW M. CUOMO, Attorney General of the State of New

York, attorney for defendants the New York State Liquor

Authority, Daniel B. Boyle, Lawrence J. Gedda and Noreen Healey

("State defendants"), in support of State defendants' motion for an

order and judgment, pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure, dismissing the complaint in this action, and in

opposition to plaintiff's motion for an order, pursuant to Rule 65(a)

> of the Federal Rules of Civil Procedure, to preliminarly enjoin the
> New York State Liquor Authority ("SLA") from enforcing the New
> York State Alcoholic Beverage Control Law with respect to
> plaintiff.

State defendants' motion to dismiss should be granted, and plaintiff's motion for a preliminary injunction should be denied because this Court lacks federal subject matter jurisdiction over the SLA, which is an agency of the State of New York, and is therefore shielded from federal suits by the Eleventh Amendment to the United States Constitution. In addition, this Court lacks personal jurisdiction over defendants Boyle, Gedda and Healey who have not been served. Moreover, the complaint fails to state a claim upon which relief can be granted as against defendants Boyle, Gedda and Healey because they are sued solely in their individual capacities and are powerless in their individual capacities to afford the relief demanded by the complaint. Most dispositively, the complaint seeks nothing more than to enjoin State administrative proceedings with respect to plaintiff's liquor license, and this Court must therefore refrain, under the doctrine of Younger abstention, from proceeding with this action. Accordingly, the complaint requires dismissal, and as such, because plaintiff will be unable to demonstrate a likelihood of success on the merits, its motion for a a preliminary injunction requires denial also.

## Facts Pertinent To The Motions

This action concerns two adult entertainment establishments ("topless bars"), known as Scores West and Scores East, each subject to licensing by the SLA under the New York State

-2-

Alcoholic Beverage Control Law ("ABC") for purposes of permitting the consumption of alcoholic beverages on the premises.

The establishments are set up as separate corporate entities, with Go West Entertainment, Inc., a New York business corporation, operated under the d/b/a Scores West, and 330 East 60th Street, Inc., also a New York business corporation, operated under the d/b/a Scores East, but plaintiff concedes that the principals of Scores West and Scores East "are the same." Affidavit of Elliot Osher, one of the principals of the two corporations, sworn to June 12, 2008, at ¶ 2. For the purposes of the ABC, when an individual employs corporate entities as his or her alter ego for the purpose of trafficking in alcoholic beverages, as is conceded in this case, the individual and the corporate entities effectively constitute "one person" (see generally ABC § 3[22]).

As recounted by the Hon. Allan L. Gropper, in Go W. Entm't, Inc. v. N.Y. State Liquor Auth. (In re Go W. Entm't, Inc.), 2008 Bankr. LEXIS 1514, at *1-5, 2008 WL 2051116, *1 (S.D.N.Y. May 14, 2008), on January 24-25, 2007, Scores West was the subject of an undercover operation by vice squad officers of the New York City Police Department.

That operation resulted in the commencement of SLA disciplinary proceedings to suspend, cancel or revoke Scores West's liquor license, charging

> that the licensee suffered or permitted the licensed premises to
> become disorderly by suffering or permitting females on the
> licensed premises to solicit male patrons therein for immoral
> purposes in violation of [ABC § 126(6)].

On February 21, 2007, SLA entered an "Emergency Summary Order of Suspension" of the license, which was stayed pending eight days of hearings before Administrative Law Judge Robert L. Karr. The hearings concerning the charges were held before ALJ Karr on March 28,

-3-

July 13, July 17, August 6, August 29, September 25, October 16 and November 14, 2007. A copy of the Emergency Summary Order of Suspension is Ex. D to the supporting declaration of Joel Graber, an Assistant Attorney General, dated July 8, 2008 ("Graber decl.").

By written decision dated February 2, 2008, the ALJ sustained all charges and found that Scores West had permitted women to solicit for prostitution on the premises and that the licensee had failed to exercise adequate supervision over the business. A copy of the ALJ's February 4, 2008 decision is Graber decl. Ex. E. On March 5, 2008, the SLA sustained the ALJ's decision, and ordered revocation of Scores West's liquor license, a civil penalty of $20,000 and a claim on Scores West's bond of $1,000. On the following day, March 6, 2008, the SLA revoked Scores West's liquor license, effective immediately, and ordered that the license be surrendered forthwith. See Graber decl. Ex. F.

On March 7, 2008, Scores West sought review of the SLA's determination in State Supreme Court and obtained a temporary stay of the order of revocation. Four days later, in accordance with State practice, the Supreme Court transferred the proceeding to the Appellate Division, First Department, and Scores West thereafter obtained a continuance of the temporary stay from a justice of the Appellate Division. That temporary stay then came before a full panel of five justices of the Appellate Division, and on April 15, 2008, that panel vacated the interim relief and denied the stay. Graber decl. Ex. G. The SLA on April 17, 2008 again ordered Scores West's liquor license revoked effective immediately. Graber decl. Ex. H.

Scores West's Chapter 11 filing followed on April 18, 2008. On April 22, 2008, Scores West filed an adversary proceeding against the SLA, seeking a finding that revocation of its liquor license prior to a determination of its appeal by the Appellate Division constituted a

-4-

violation of the automatic stay set forth at § 362(a) of the Bankruptcy Code, or in the alternative, that an injunction should issue under Bankruptcy Code § 105 staying the action of the SLA pending the appeal. Bankruptcy Court denied Scores West's motion for a temporary restraining order by oral decision on April 23, 2008, but expedited a hearing on the motion, which was held on May 6, 2008. Go W. Entm't, Inc., 2008 Bankr. LEXIS 1514, at *3-4, 2008 WL 2051116, *1. By opinion dated May 14, 2008, Bankruptcy Court denied Scores West's application in entirety. 2008 Bankr. LEXIS 1514, at *4-27, 2008 WL 2051116, *2-8.

In the meantime, Scores West sought reconsideration of the Appellate Division's refusal to stay the revocation; by order dated April 29, 2008, reconsideration of the order refusing the stay was denied by a full panel of the Appellate Division. Graber decl. Ex. I.

On May 2, 2008, the SLA served and filed a notice of charges with respect to the on-premises liquor license held by Scores East, in accordance with ABC § 126, which provides as follows:

> The following are forbidden to traffic in alcoholic beverages:
>
> 5(a) A person who shall have had any license issued under this chapter revoked for cause, until the expiration of two years from the date of such revocation.

Graber decl. Ex. J. These disciplinary proceedings were commenced pursuant to SLA regulations set forth at 9 NYCRR Part 54. Neither ABC § 126(5)(a) nor 9NYCRR Part 54 is challenged in the present action.

Scores East thereafter filed a plea of not guilty to the charges, even while conceding that the holders of the Scores West and Scores East liquor licenses are one and the same persons within the meaning of ABC § 126(5)(a). Affidavit of Elliot Osher, one of the principals of the

-5-

two corporations, sworn to June 12, 2008, at ¶ 2. In SLA disciplinary proceedings, as ordinarily conducted, the next step is for Scores East to demand a bill of particulars, which has not occurred to date. After the SLA serves a bill of particulars, the SLA will schedule a full evidentiary hearing on the charges. See 9 NYCRR Part 54.

The proceedings commenced with respect to Scores East are predicated on the mandate set forth by the Legislature in ABC § 126(5)(a), and as a matter of law have nothing to do with the specific reason or reasons for the principals' license revocation with respect to Scores West.[1]

Moreover, in the implementation of ABC § 126(5)(a), which is the subject matter of the present action, the SLA lacks the power to avoid the mandate of the Legislature by exploring the underlying reasons for a prior revocation within two years for cause.

**Standard of Review On These Motions**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F. 3d 518, 521 (2d Cir. 2006).

On a motion to dismiss pursuant to Rule 12(b)(6), the court looks at whether the complaint has pled "enough facts to state a claim to relief that is *plausible* on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (emphasis added) (quoting Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)).

---

[1]There are many lawful justifications for a liquor license revocation, such as sales to minors, open marijuana smoking, gambling, lack of a proper certificate of occupancy or secondary means of egress, repeatedly selling to an intoxicated person, and many other reasons, as set forth at 9 NYCRR Part 53, § 53.1.

-6-

In Twombly the Court abandoned the familiar standard from Conley v. Gibson, 255 U.S. 41 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (quoting Conley, 255 U.S. at 45-46). In its place the Court held that Fed.R.Civ.P. 8(a) requires complaints to allege "enough facts to state a claim to relief that is plausible on its face," id. at 1974, or, put otherwise, to "possess enough heft to 'show that the pleader is entitled to relief.'" Id. at 1966. Twombly has been applied by the Second Circuit as establishing a rule of general applicability. See, e.g., Roth v. Jennings, 489 F.3d 499 (2d Cir. 2007).

With respect to plaintiff's preliminary injunction motion, plaintiff correctly states that a prohibitory preliminary injunction, as is sought in the present action, requires that plaintiff establish "a likelihood of success on the merits." Pl. Mem. POINT I, citing Field Day, LLC v. County of Suffolk, 463 F.3d 167, 181 (2d Cir. 2006).

For the reasons set forth *infra*, plaintiff demonstrates neither a plausible First Amendment claim, nor a likelihood of success on the merits.

-7-

## POINT I

## THIS COURT LACKS FEDERAL SUBJECT MATTER
## JURISDICTION OVER THE NEW YORK STATE LIQUOR
## AUTHORITY

Plaintiff concedes that the SLA is "an agency of the State of New York." Complaint ¶

10.

The Eleventh Amendment to the United States Constitution bars federal suits against a

state and its agencies absent a state waiver of sovereign immunity or abrogation of the states'

immunity by Congress pursuant to § 5 (the enforcement clause) of the Fourteenth Amendment.

Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 364-65 (2001).

The Eleventh Amendment bar includes suits against states for money damages, Edelman v.

Jordan, 415 U.S. 651, 667-69 (1974);  injunctive relief, Cory v. White, 457 U.S. 85, 90-91

(1982);  and declaratory relief, Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir.

1993).

Although termed an "authority" – and not every New York State "authority" is a State

agency for purposes of the Eleventh Amendment, see Mancuso v. New York State Thruway

Auth., 86 F.3d 289 (1996) (holding that the New York State Thruway Authority is self-funded

and not under significant State control) – the SLA is by statute the "head" of the New York State

Alcohol Beverage Control Division, which is an agency within the Executive Department of the

State of New York, by virtue of the explicit terms of ABC § 10.  The SLA is therefore not an

independent entity, like the New York State Thruway Authority, but in effect is the multi-

commissionership of an agency within the Executive Department, i.e., operating under

gubernatorial control.

-8-

Accordingly, as this Court has held, "defendant, the New York State Liquor Authority, is

an agency of the State of New York, and is therefore shielded from federal suits by the Eleventh

Amendment." Rolle v. New York State Liquor Authority, 1006 U.S. Dist. LEXIS 55821, *7,

2006 WL 2254807, *3 (Aug. 7, 2006) (Hon. Thomas P. Griesa). Eleventh Amendment

immunity was asserted in ¶ ¶ 14-15 of State defendants' answer to the complaint in this action.

Graber decl. Ex. B.

Accordingly, this Court lacks federal subject matter jurisdiction over the SLA, and the

complaint must be dismissed as against the SLA.

## POINT II

## THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BOYLE, GEDDA AND HEALEY

This court lacks personal jurisdiction over defendants Boyle, Gedda and Healey, who

have not been served. Boyle is Chairman of the SLA and Healey is Commissioner of the SLA.

Gedda is a former Commissioner. Boyle, Gedda and Healey are "sued in his/her individual

capacities." Complaint ¶ 4. Lack of personal jurisdiction is asserted in ¶ 13 of State defendants'

answer to the complaint. Graber decl. Ex. B.

Rule 4(e) of the Federal Rules of Civil Procedure states in pertinent part that

> [u]nless otherwise provided by federal law, service upon an
> individual from whom a waiver has not been obtained and filed . . .
> may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court
> is located, or in which service is effected, for the service of a
> summons upon the defendant in an action brought in the courts of
> general jurisdiction of the State; or

> (2) by delivering a copy of the summons and of the complaint
> to the individual personally or by leaving copies thereof at the
> individual's dwelling house or usual place of abode with some
> person of suitable age and discretion then residing therein or by
> delivering a copy of the summons and of the complaint to an agent
> authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In the present case, plaintiff must concede that Boyle, Gedda and Nealey have not been

served personally and that they had not authorized anyone to accept personal service on their

behalf. According to this Court's docket, no return of service has been filed on their behalf.

As the Second Circuit has held, to meet the requirements of Rule 4(e)(2), plaintiff would

have to show that service was proper because New York law "permitted service on a defendant in

his or her individual capacity by serving the Attorney General." Bogle-Assegai v. Connecticut,

470 F.3d 498, 506 (2d Cir. 2006). There is no such provision of law in New York.

By reason of the foregoing, defendants Boyle, Gedda and Healey must be dismissed from

this action for lack of personal jurisdiction.

## POINT III

### THIS COURT MUST ABSTAIN FROM ENJOINING
### ONGOING STATE ADMINISTRATIVE PROCEEDINGS

The sole relief sought in this action is a permanent injunction against the SLA's ongoing

enforcement of ABC § 126(5)(a) with respect to Scores East. Complaint, WHEREFORE

CLAUSE. The circumstances therefore present a proper case for Younger abstention.

As the Supreme Court emphasized in Younger v. Harris, 401 U.S. 37, 43-45 (1971),

"federal courts should generally refrain from enjoining or otherwise interfering in ongoing state

proceedings. This principle of abstention is grounded in interrelated principles of comity and

-10-

federalism." "Younger generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction. Giving states 'the first opportunity . . . to correct their own mistakes' when there is an ongoing state proceeding serves the vital purpose of 'reaffirming the competence of the state courts,' and acknowledging the dignity of states as co-equal sovereigns in our federal system." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (quoting Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198-200 (2d Cir. 2002), cert. denied, 541 U.S. 1085 (2004).

Younger itself involved a First Amendment challenge, as does the present action, but in relation to a pending state criminal proceeding. "'However, the same comity and federalism concerns are equally applicable to state administrative proceedings in which important state interests are vindicated. Accordingly, Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo, id. at 75. These requirements are met here. Indeed, it is apparent that the Scores West and Scores East principals' First Amendment claims should have been raised in the context of the Scores West administrative proceedings and ensuing litigation which continues today in the Appellate Division. Clearly the principals have always been on notice of the requirements of the ABC with respect to the ownership of multiple establishments. Once Scores West's license was revoked, Scores East's license became subject to revocation proceedings under ABC § 126(5)(a).

Plaintiff's only defense against abstention is that the ABC § 126(5)(a) charges as against Scores East were brought "for no legitimate purpose" and with "malevolent intent." Pl. Mem., POINT II, quoting Diamond "D" Construction Corp., 282 F.3d at 198-99. This proposition fails as a matter of law, because there is no showing – as a matter of fact or law – that the SLA enjoys any *discretion* in the enforcement of ABC § 126(5)(a). The revocation provisions of that section certainly appear to be mandatory on their face. Nor does ABC § 126(5)(a) become discretionary by reason of the fact that the SLA interprets the statute as calling for a full-blown adjudicatory hearing. Thorough administrative proceedings are reasonably necessary, in the interest of constitutional due process, because there may be *defenses* to ABC § 126(5)(a) proceedings (such as a prior sale of premises or many other possibilities), which cannot be ascertained unless and until such a matter proceeds to conclusion.

Moreover, the extensive findings with respect to Scores West contained in the ALJ's comprehensive report, prepared after eight days of hearings (see Graber decl. Ex. E), belies any contention that the result was the product of sheer malevolence, as does the Appellate Division's repeated refusal to stay the Scores West revocation.

Therefore, this Court, under Younger principles, should abstain from enjoining the ongoing proceedings.

-12-

ation only.

# POINT IV

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS AGAINST THE INDIVIDUAL DEFENDANTS

The complaint fails to state a claim upon which relief can be granted as against defendants Boyle, Gedda and Nealey, who are sued solely in their individual capacities (Complaint ¶ 4), because they are powerless in their individual capacities to afford injunctive relief to plaintiff, which is the sole relief demanded by the complaint. See Complaint, WHEREFORE CLAUSE. This is so with respect to Boyle and Nealey, as well as with respect to Gedda who is no longer even a member of the SLA. See the SLA Web site, at http://www.abc.state.ny.us.

Although the Second Circuit has held that "a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other," Frank v. Relin, 1 F.3d 1317, 1326, cert. denied, 510 U.S. 1012 (1993), in the present action, plaintiff has specifically identified the capacity in which the individual defendants have been named as parties as being in their individual capacities. Complaint § 4. As in the case of Relin (who was the Monroe County District Attorney), in which the Circuit held that "equitable relief could be obtained against Relin only in his official, not his individual capacity," no equitable relief is available as against Boyle, Gedda and Nealey who are all sued in their individual capacities. Id. at 1327. See also, e.g., Rao v. New York City Health and Hospitals Corp., 882 F.Supp. 321, 330 (S.D.N.Y. 1995) (equitable remedies "may be directed only at liable individuals in their official capacities").

-13-

The complaint therefore fails to state a claim upon which relief can be granted as against defendants Boyle, Gedda and Nealey.

## POINT V

### PLAINTIFF HAS FAILED TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff correctly recites that a prohibitory preliminary injunction, as is sought in the present action, requires that plaintiff establish "a likelihood of success on the merits." Pl. Mem. POINT I, citing Field Day, LLC v. County of Suffolk, 463 F.3d 167, 181 (2d Cir. 2006). There is no such demonstration in support of plaintiff's motion.

Plaintiff does no more on the present motion than characterize the anticipated result of the SLA's proceedings under ABC § 126(5)(a) as a "prior restraint on speech" – namely topless dancing. Pl. Mem., id. Such a claim, if sustained, would vitiate the legislative determination that persons whose liquor licenses have been revoked may not maintain a license, for a two-year period, regardless of the cause for revocation. And success on the merits would require holding that any liquor licensee offering "expressive activity" – including, for example, news vendors, of which SLA licenses are many – would be immune from the enforcement of ABC § 126(5)(a). No court has ever so held, so far as the reported cases reveal.

Stated otherwise, Scores West lost its license not on account of exotic dancing, but for "suffering and permitting" prostitution in a place of public accommodation, with prostitution not being an "expressive" activity protected by the First Amendment. Indeed, the Supreme Court's holding in Arcara v. Cloud Books, Inc., 478 U.S. 697, 707 (1986), on *certiorari* to the New York Court of Appeals, is dispositive of the present plaintiff's baseless First Amendment claim.

-14-

In Arcara, the Supreme Court held that expressive activity such as

> [b]ookselling in an establishment used for prostitution does not
> confer First Amendment coverage to defeat a valid statute aimed at
> penalizing and terminating illegal uses of premises.

Id. Thus, the New York "legislation providing the closure sanction" in Arcara "was directed at unlawful conduct having nothing to do with books or other expressive activity." Id. The First Amendment principles articulated by the Court apply even more strongly here, since the implementation of ABC § 126(5)(a) does not examine the predicate for the proceedings other than the fact of revocation for cause.

It should be noted that ABC § 126(5)(a) has been upheld by New York's courts. Body Talk Lounge v. New York State Liquor Auth., 206 A.D.2d 362, 364 (2d Dep't 1994) ("the penalty of revocation is neither unduly severe nor so disproportionate to the offense as to shock the court's sense of fairness").

In summary, plaintiff has failed to establish, for the grounds previously set forth herein, a likelihood of success on the merits, and its motion for a preliminary injunction should therefore be denied.

## Conclusion

STATE DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT SHOULD BE GRANTED, AND PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE
DENIED.

Dated:    New York, New York
          July 8, 2008

                              Respectfully submitted,

                              ANDREW M. CUOMO
                              Attorney General of the
                                State of New York
                              **Attorney for State Defendants**
                              By:



                              _____
                              JOEL GRABER (JG-3337)
                              Assistant Attorney General
                              Special Litigation Counsel
                              Litigation Bureau
                              120 Broadway – 24th Floor
                              New York, NY 10271-0332
                              (212) 416-8645
                              FAX (212) 416-6009
                              Joel.Graber@oag.state.ny.us

LITIGATION BUREAU:

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel
   of Counsel

On the brief:

Cami Daigle
Legal Intern
Albany Law School