UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                                    Plaintiff,

         -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL          08 Civ. 4147 (RJS)
B. BOYLE, individually, LAWRENCE J. GEDDA,
individually, NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                                                    Defendants.

------------------------------------------------------------------------ x

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND
IN REPLY TO PLAINTIFF'S OPPOSITION**

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for the City defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 442-4050

July 25, 2008

ROBIN BINDER
PAULA VAN METER,
              Of Counsel.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

333 EAST 60th STREET, INC., d/b/a Scores, East,

                                                Plaintiff,

            -against-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL        08 Civ. 4147 (RJS)
B. BOYLE, individually, LAWRENCE J. GEDDA,
individually, NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

                                                Defendants.

-------------------------------------------------------------------- x


## DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND IN REPLY TO PLAINTIFF'S OPPOSITION


## PRELIMINARY STATEMENT

The City of New York (the "City"), defendant herein, has moved, by Notice of

Motion, Supporting Declaration of Paula Van Meter together with exhibits, and Memorandum of

Law all dated July 8, 2008, to dismiss this case as against the City, pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, because the complaint fails to state a cause of action

against the City.    Plaintiff responded in opposition to the City's motion by Plaintiff's

Memorandum of Law in Opposition to the City's Motion dated July 16, 2008 ("Plaintiff's Memo

of Law"), undated Affirmation of Jonathan Lovett ("Lovett Affirmation"), and Affidavit of Elliot

Osher sworn to before Jonathan Lovett on June 15, 2008 ("Osher Affidavit").    In those

submissions plaintiff presents facts purportedly to explain and strengthen its claim against the

1

City. However, none of these facts are pled in the complaint, none of them can be considered in connection with this motion challenging the adequacy of the pleading, and in any event none of them raise a plausible constitutional claim against the City.

## ARGUMENT

In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court should confine its inquiry to the pleadings. "A claim for relief 'may not be amended by the briefs in opposition to a motion to dismiss.'" Telectronics Proprietary, Ltd. v. Medtronic Inc., 687 F.Supp. 832, 836 (S.D.N.Y. 1988) quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) (citing Jacobson v. Peat, Marwick, 445 F.Supp. 518, 526 (S.D.N.Y. 1977).

Here, facts are presented for the first time in Plaintiff's Memo of Law and in the Lovett Affirmation and Osher Affidavit that are not contained in the Complaint.[1]  These additional facts therefore should not be considered in connection with the instant motion.

Furthermore, the facts presented in plaintiff's submissions in opposition to the City's motion do not establish any violation of plaintiff's First Amendment rights by the City. The Osher Affidavit, at ¶2,  presents details about street closings at Scores West which do not constitute any violation of rights of Scores East; at ¶3, describes a single instance of an alleged blockage of traffic by traffic enforcement officers on the street on which Scores East is located which does not constitute a deprivation of any constitutional rights; at ¶4 reports that Nicole Green who was arrested for prostitution at Scores West is not employed at Scores East, which fact is irrelevant; and, at ¶5 reports that the State Liquor Authority ("SLA") has scheduled a

---

[1] In addition to new factual allegations, Plaintiff's Memo of Law asserts in a Point heading that, "The City is Answerable in Damages ..." although the Complaint only seeks injunctive relief. See, Plaintiff's Memo of Law p.3, Complaint ¶1 and Wherefore clause.

hearing in its liquor license revocation proceeding against Scores East, which also is irrelevant to any claim against the City. The Lovett Affirmation reports that a lender is terminating a credit agreement with Scores East because of diminished revenues due to the liquor license suspension of Scores West, which license suspension/revocation was not undertaken by the City but is exclusively controlled by the SLA. Therefore, none of the facts which plaintiff impermissibly raises for the first time in their submissions would be sufficient to overcome the City's motion to dismiss even if they were considered.

Plaintiff's Memo of Law makes numerous bald assertions that the City had an "agreement" with the SLA, and that the City and the SLA were "acting in concert" in attempts to drive Scores West out of business. See e.g., Plaintiff's Memo of Law pp. 3, 4. Some of these same conclusory allegations that the City acted in concert with the SLA are included in the Complaint. See e.g. Complaint ¶¶11, 12, 13, 14. However, plaintiff never alleges any facts to substantiate its claim of conspiracy or joint action but only makes the assertion that various actions of either the City or the SLA were taken pursuant to an agreement. Such bald assertions do not demonstrate joint action or involvement of the City in actions of the SLA, are not sufficient to support a claim against the City, and cannot withstand a Rule 12(b)(6) motion to dismiss. See, Leeds v. Melz, 85 F.3d 51, 53 (2d Cir. 1996); Vazquez v. Combs, 2004 U.S. Dist. LEXIS 22137 (S.D.N.Y. 2004).

## CONCLUSION

For all of the reasons set forth herein and in the City's prior submissions in support of its motion, the Court should grant the City's motion to dismiss the complaint as against the City, deny plaintiff's application for a preliminary injunction and any hearing on such application, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 25, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for the City defendants
                        100 Church Street
                        New York, New York 10007
                        (212) 442-4050


                        By:    PAULA VAN METER (PV0076)