UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

33 EAST 60TH STREET, INC. d/b/a         :        08 Civ. 4147 (RJS) (GWG)
Scores East,
                                        :
                Plaintiff,
                                        :
-against-
                                        :
NEW YORK STATE LIQUOR AUTHORITY,
DANIEL B. BOYLE, individually,          :
LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individually, and the    :
CITY OF NEW YORK,
                                        :
                Defendants.
                                        :

------------------------------------------------------------X

**STATE DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS, AND IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

ANDREW M. CUOMO
Attorney General of the
  State of New York
**Attorney for State Defendants**
Litigation Bureau
120 Broadway – 24th Floor
New York, NY 10271-0332
(212) 416-8645

LITIGATION BUREAU:

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel
   of Counsel

July 31, 2008

**Table Of Contents**

|  |  | Page |
|---|---|---|
| Preliminary Statement | | 1 |
| POINT I | PLAINTIFF FAILS TO DEMONSTRATE THAT THIS COURT HAS FEDERAL SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE LIQUOR AUTHORITY | 2 |
| POINT II | PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS BOYLE AND HEALEY IN THEIR OFFICIAL CAPACITIES | 3 |
| POINT III | PLAINTIFF FAILS PLAUSIBLY TO ALLEGE BAD FAITH ON THE PART OF THE STATE SUFFICIENT TO WARRANT FEDERAL JUDICIAL INTERFERENCE WITH THE ONGOING STATE LICENSING PROCEEDINGS | 5 |
| POINT IV | THERE IS NO MOTION FOR LEAVE TO AMEND THE COMPLAINT | 9 |
| POINT V | PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS | 9 |
| Conclusion | | 11 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| 33 EAST 60TH STREET, INC. d/b/a Scores East, | 08 Civ. 4147 (RJS) (GWG) |

33 EAST 60TH STREET, INC. d/b/a
Scores East,

              Plaintiff,

-against-

NEW YORK STATE LIQUOR AUTHORITY,
DANIEL B. BOYLE, individually,
LAWRENCE J. GEDDA, individually,
NOREEN HEALEY, individually, and the
CITY OF NEW YORK,

              Defendants.

08 Civ. 4147 (RJS) (GWG)

------------------------------------------------------------X

**STATE DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**Preliminary Statement**

This memorandum of law is respectfully submitted by ANDREW M. CUOMO, Attorney General of the State of New York, attorney for defendants the New York State Liquor Authority, Daniel B. Boyle, Lawrence J. Gedda and Noreen Healey ("State defendants"), in further support of State defendants' motion for an order and judgment, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the complaint in this action, in opposition to plaintiff's motion for an order, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, to preliminarily enjoin the New York State Liquor Authority ("SLA") from enforcing the New York

State Alcoholic Beverage Control Law with respect to plaintiff, and in reply to plaintiff's memorandum of law filed July 18, 2008.

As demonstrated in State defendants' opening memorandum, and *infra*, State defendants' motion to dismiss should be granted, and plaintiff's motion for a preliminary injunction should be denied, because this Court lacks federal subject matter jurisdiction over the SLA, which is an agency of the State of New York, and is therefore shielded from federal suits by the Eleventh Amendment to the United States Constitution. In addition, the complaint fails to state a claim upon which relief can be granted as against defendants Boyle and Healey, who are SLA commissioners, because they are sued solely in their individual capacities and are powerless in their individual capacities to afford the relief demanded by the complaint. Most dispositively, the complaint seeks nothing more than to enjoin State administrative proceedings with respect to plaintiff's liquor license, and this Court should therefore refrain, under the doctrine of Younger abstention, from proceeding with this action. Accordingly, the complaint requires dismissal, and as such, because plaintiff will be unable to demonstrate a likelihood of success on the merits, its motion for a preliminary injunction also must be denied.

## POINT I

### PLAINTIFF FAILS TO DEMONSTRATE THAT THIS COURT HAS FEDERAL SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE LIQUOR AUTHORITY

Plaintiff concedes that the SLA is "an agency of the State of New York" (complaint ¶ 10), but contends that this Court has jurisdiction over the SLA under what plaintiff terms a "well-known exception" to the Eleventh Amendment:

> [A] plaintiff may sue a State official acting in his official capacity notwithstanding the Eleventh Amendment – for prospective injunctive relief from violations of federal law.

Pl. Jul. 18, 2008 Mem. at 4, quoting State Emples. Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007).

This established exception to the Eleventh Amendment bar, first set forth in Ex Parte Young, 209 U.S. 1123 (1908), cannot avail plaintiff, because the individual defendants, two of whom are SLA commissioners,[1] are sued not in their official capacities, but in their personal or individual capacities. Complaint ¶ 4.

Accordingly, this Court lacks federal subject matter jurisdiction over the SLA, and the complaint must be dismissed as against the SLA.

## POINT II

### PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS BOYLE AND HEALEY IN THEIR OFFICIAL CAPACITIES

In State defendants' opening memorandum, it was noted that there was no proof of service on defendants Boyle, Healey and Gedda in their individual (or official) capacities. State Def. Mem. POINT II. On July 9, 2008, *after* the filing of State defendants' memorandum, plaintiff filed returns of service with respect to defendants Boyle and Healey, reciting delivery of the summons and complaint to the SLA offices and mailing. See Document Nos. 14 and 15 in this Court's docket.

---

[1] Plaintiff's opposition concedes that defendant Gedda "is a *former* SLA commissioner" and that Gedda has not been served with the summons and complaint in this action. Pl. Mem. Jul. 18, 2008, at 5 (emphasis added).

Plaintiff's attempted service on Boyle and Healey appears to suffice for purposes of serving defendants in their individual capacities, under N.Y. CPLR § 308(2), hence Fed.R.Civ.P. 4(e), but cannot suffice under the different requirements for serving the individual defendants in their *official* capacities set forth at N.Y. CPLR § 307(2).

N.Y. CPLR § 307 provides as follows:

> 1.   Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state.
>
> 2.   Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by subdivision one of this section is completed. For purposes of this subdivision, the term "principal office of the agency" shall mean the location at which the office of the chief executive officer of the agency is generally located. Service by certified mail shall not be effective unless the front of the envelope bears the legend "URGENT LEGAL MAIL" in capital letters. The chief executive officer of every such agency shall designate at least one person, in addition to himself or herself, to accept personal service on behalf of the agency. For purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section.

Plaintiff's proofs of service with respect to Boyle and Healey – Document Nos. 14 and 15 in this Court's docket – contain *no* recitations reflecting compliance with the foregoing section.

This failure is unsurprising given that plaintiff concedes that the individual defendants have *not* been sued in their official capacities. Pl. July 18, 2008 Mem. POINT IV, at 9 ("we do not now dispute that Boyle and Healey should have been named in their official capacities"). Boyle and Healey were not sued in their official capacities, and they were not served in their official capacities.

Plaintiff's failure to sue Boyle and Healey in their official capacities – and its continuing failure to move to amend the complaint in order to do so in the nearly six weeks since the preliminary injunction motion was filed – belies its own claim of an urgent need for federal judicial intervention in ongoing State proceedings.

## POINT III

**PLAINTIFF FAILS PLAUSIBLY TO ALLEGE BAD FAITH ON THE PART OF THE STATE SUFFICIENT TO WARRANT FEDERAL JUDICIAL INTERFERENCE WITH THE ONGOING STATE LICENSING PROCEEDINGS**

The sole relief sought in this action is a permanent injunction against the SLA's ongoing enforcement of N.Y. Alcoholic Beverage Control Law ("ABCL") § 126(5)(a) with respect to Scores East. Complaint, WHEREFORE CLAUSE. In the circumstances, this Court is obliged to apply Younger abstention.

As the Second Circuit has held, "Younger abstention is mandatory when: (1) there is a pending State proceeding, (2) that implicates an important State interest, and (3) the State proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003).

Plaintiff continues to allege, with no evidentiary showing, that the SLA is motivated by "subjective bad faith . . . motivated by an intent to violate a licensee's right to engage in First Amendment protected expressive conduct." Pl. Jul. 18, 2008 Mem. at 6-7 (referring to the topless dancing offered at Scores East). There are, however, no plausible factual allegations supporting the proposition that the ongoing disciplinary proceedings with respect to Scores East, pursuant to § 126(a)(5), are "motivated" by anything other than adherence to the statutory scheme.

Section § 126 provides as follows:

> The following are forbidden to traffic in alcoholic beverages:
>
> 5(a) A person who shall have had any license issued under this chapter revoked for cause, until the expiration of two years from the date of such revocation.

Concededly, the "person" or persons who own each of Scores West and Scores East have had a license "revoked for cause," as with respect to Scores West, "within two years," within the meaning of § 126(a)(5).

By means of this reply memorandum of law, the SLA reiterates its statutory interpretation, as stated in State defendants' opening memorandum, that the proceedings commenced with respect to Scores East are predicated on the mandate set forth by the Legislature in § 126(5)(a), and as a matter of law have nothing to do with the specific reason or reasons for the principals' license revocation with respect to Scores West. In other words, the SLA lacks the discretion to avoid the mandate of the Legislature by exploring the underlying reasons for a prior revocation within two years for cause. See State Def. July 8, 2008 Mem. at 5-6.

This circumstance refutes as a matter of law Scores East's baseless contention that the SLA enjoys discretion in enforcing § 126(5)(a), as proposed in Pl. Jul. 18, 2008 Mem. at 7-9. Plaintiff cites several provisions of the SLA rules, set forth at 9 NYCRR,[2] for the proposition that "revocation is not mandated" by § 126(5)(a):

- 9 NYCRR § 53.1: "Any license or permit issued pursuant to the [ABCL] *may* be revoked, cancelled or suspended [for specified causes]."

- 9 NYCRR § 54.6: "After charges have been sustained in a revocation proceeding, the [SLA] *may* direct revocation, cancellation or suspension of the license . . . ."

Pl. Jul. 18, 2008 Mem. at 9 (emphasis added).

Such rules, which are designed to address a broad array of violations, cannot trump the plain language of § 126(a)(5) providing that persons are "forbidden to traffic in alcoholic beverages . . . who shall have had any license issued under this chapter revoked for cause, until the expiration of two years from the date of such revocation." If there were a conflict between the ABCL and the SLA's rules and regulations, "it would be the regulation that would have to yield." Envtl. Def. v. United States EPA, 369 F.3d 193, 207 (2d Cir. 2004) (citing Chevron, U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 842-43 (1984)). See also, e.g., Insurance Co. of North America v. Gee, 702 F.2d 411, 414 (2d Cir. 1983), in which the court, in affirming the dismissal of an action which had been premised on a construction of a regulation, held that it would "not interpret an agency regulation to thwart a statutory mandate," and reasoned "[r]egulations promulgated pursuant to rulemaking authority conferred by statute assume the force of law only

---

[2] Plaintiff inadvertently places the SLA rules at 11 NYCRR, rather than at 9 NYCRR, which is correct. Pl. Jul. 18, 2008 Mem. at 8.

-7-

to the extent consistent with the statutory scheme they were designed to implement." The same result should follow here, and the unequivocal language of § 126(a)(5) controls.

Furthermore, it is fatuous for plaintiff to argue that the ongoing proceedings pursuant to § 126(5)(a) have "no legitimate State purpose." Pl. Jul. 18, 2008 Mem. at 9. Plaintiff's grievances with respect to Scores West, focusing on a whole series of State administrative and judicial proceedings and determinations, cannot undermine the legitimate State purpose pursued by the SLA with respect to Scores East. Manifestly, the legitimate State purpose undertaken by the SLA with respect to Scores East is nothing more than the faithful enforcement of § 126(5)(a).

Finally, plaintiff has not cited a single case in which a district court has rejected Younger abstention because of a "fabricated claim," "bad faith," a prosecution brought "for the purpose to harass," "an intent to violate a licensee's right to engage in First Amendment protected expressive conduct," or any other motive or circumstance which might trump the principles of comity and federalism embodied by the abstention doctrine. See Pl. Jul. 18, 2008 Mem. at 5-9.

The extensive findings with respect to Scores West contained in the ALJ's comprehensive report, prepared after eight days of hearings (see Graber Jul. 8, 2008 decl. Ex. E), further negates any contention that the result with respect to Scores West was the product of bad faith, as does the Appellate Division's repeated refusal to stay Scores West's license revocation.

Therefore, under Younger principles, as explicated by the Second Circuit, this Court should abstain from enjoining the ongoing proceedings before the SLA.

## POINT IV

### THERE IS NO MOTION FOR LEAVE TO AMEND THE COMPLAINT

As noted, plaintiff does "not now dispute that Boyle and Healey should have been named in their official capacities," and contends that "leave to amend the summons/complaint should be granted to accomplish that objective." Pl. Mem. Jul. 2008 POINT IV, at 9. However, a pleading may not be amended by memoranda of law in opposition to a motion to dismiss. Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its complaint through statements made in motion papers"). If and when plaintiff moves to amend the complaint to sue the SLA commissioners in their official capacities, the commissioners will respond to any such motion at the appropriate time.

## POINT V

### PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

A prohibitory preliminary injunction, as is sought in the present action, requires that plaintiff establish "a likelihood of success on the merits." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 181 (2d Cir. 2006). There is no such demonstration in plaintiff's initial motion papers, nor in their responsive papers filed on July 18, 2008.

Plaintiff's entire presentation concerns what occurred with respect to Scores West, not with what has occurred with respect to plaintiff d/b/a Scores East. See Pl. Jul. 18, 2008 Mem. at 10-11. The matter of Scores West is now before the Supreme Court of the State of New York, Appellate Division, First Judicial Department.

According to plaintiff, "the City blockaded the streets giving access to *Scores West*," the SLA's "kangaroo court" proceeded against *Scores West* "heralded by the flat out denial to *Scores West's* principals of a public hearing," the "SLA permitted the City to falsely imprison . . . members of the public" in connection with the *Scores West* hearing, "assaulting some of them, seizing and destroying cell camera video depictions of the riot, falsely accusing them of being 'prostitutes,' and chilling them all in their advocacy on behalf of *Scores West* and against the SLA." Pl. Mem. Jul. 18, 2008 at 10-11. All of the foregoing "merits" allegations pertain to Scores West, *not* plaintiff Scores East. Stated otherwise, plaintiff should not be permitted to bootstrap allegations relating solely to its Scores West litigation in an attempt to somehow state a claim for injunctive relief with respect to Scores East.

In summary, plaintiff has failed to establish, for all the grounds previously set forth herein, a likelihood of success on the merits. This Court lacks jurisdiction over the SLA, plaintiff has neither sued nor obtained jurisdiction over Commissioners Boyle and Healey in their official capacities, and <u>Younger</u> abstention is warranted where, as here, plaintiff's First Amendment claim should have been raised in the context of the Scores West administrative proceeding and ensuing litigation which continues presently in the Appellate Division. Finally, § 126(a)(5) authorizes the SLA to proceed against plaintiff for the revocation of its license, and plaintiff cannot prevent that action by relying on allegations it previously raised, albeit unsuccessfully, which are now under judicial review in the Appellate Division.

For all of the foregoing reasons, plaintiff's motion for a preliminary injunction should therefore be denied.

## Conclusion

STATE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT SHOULD BE GRANTED, AND PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED.

Dated:  New York, New York
July 31, 2008

        Respectfully submitted,

        ANDREW M. CUOMO
        Attorney General of the
          State of New York
        **Attorney for State Defendants**
        By: _[signature]_

        JOEL GRABER (JG-3337)
        Assistant Attorney General
        Special Litigation Counsel
        Litigation Bureau
        120 Broadway – 24th Floor
        New York, NY 10271-0332
        (212) 416-8645
        FAX (212) 416-6009
        Joel.Graber@oag.state.ny.us

LITIGATION BUREAU:

JOEL GRABER
Assistant Attorney General
Special Litigation Counsel
   of Counsel