UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

333 EAST 60th STREET, INC., d/b/a Scores East,

                Plaintiff,

-v-

NEW YORK STATE LIQUOR AUTHORITY, DANIEL B. BOYLE, LAWRENCE J. GEDDA, NOREEN HEALEY, and THE CITY OF NEW YORK,

                Defendants.

No. 08 Civ. 4147 (RJS)
MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

Before the Court is the motion of plaintiff 333 East 60th Street ("Scores East") for an order enjoining the defendants from "revoking and/or suspending Scores East's liquor license and/or otherwise chilling it in the exercise of its First Amendment protected rights." (Compl. at 6.) Defendants New York State Liquor Authority ("SLA"), Daniel B. Boyle, Lawrence J. Gedda, and Noreen Healey (collectively the "SLA Defendants") oppose the motion and cross-move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for lack of jurisdiction, or, alternatively, on abstention grounds pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Defendant City of New York ("City") moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons that follow, the Court finds that abstention is appropriate under *Younger*, and dismisses the complaint.

I. BACKGROUND

In deciding a motion for judgment on the pleadings, "the district court must accept all

allegations in the complaint as true and draw all inferences in the non-moving party's favor."[1] *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001). Plaintiff Scores East is a domestic business corporation that operates a restaurant and gentlemen's club featuring topless dancing at 333 East 60th Street in New York, New York. (Compl. ¶ 3.) The principals of Scores East are also the principals of Go West Entertainment, Inc., a separate corporation that operates Scores West, a topless club located at 533-535 West 27th Street, New York, New York. (*Id.*) In February of 2007, the SLA issued an "emergency suspension" of Scores West's liquor license, and in March of 2007, the SLA revoked the license after an administrative hearing, citing evidence of prostitution on the premises. (*Id.* ¶¶ 12-14.) Following the revocation of Scores West's liquor license, the SLA and the City announced its intention to suspend and/or revoke the liquor license held by Scores East as well. (*Id.* ¶ 15.) The revocation proceedings were originally scheduled to take place on August 19, 2008, but have been adjourned indefinitely.

Plaintiff alleges that, beginning in January 2007, defendants SLA and the City "entered into an agreement to set Scores West up on pretextual charges of prostitution" in order "to effectuate the Defendants' agreed-upon objective – the prohibition of the subject First Amendment expressive activity," that is, topless dancing. (*Id.* ¶ 11.) Plaintiff further alleges that "the SLA facilitated and condoned on SLA premises a police riot intended to intimidate the principals of Scores West and Scores East with a view towards chilling their exercise of First Amendment protected conduct both at those establishments and during the administrative hearing process." (*Id.* ¶ 13.) Finally, Plaintiff asserts that, without an injunction, the SLA will revoke Scores East's liquor license, and "the City will take immediate action through its Police Department to enforce the SLA's order, force the

---

[1] Because the City has filed an answer, the Court will construe the City's motion as a motion for judgment on the pleadings pursuant to Rule 12(c) rather than a motion pursuant to Rule 12(b)(6). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 124 (2d Cir. 2001).

closure of Scores East, and prohibit any future First Amendment protected expressive behavior at [those] premises." (*Id.* ¶ 15-16.)

Plaintiff filed the complaint in this action on May 1, 2008, seeking a preliminary injunction. The City filed its answer on May 27, 2008, and the SLA filed its answer on June 13, 2008. The Court held a teleconference on June 19, 2008 and that same day set a briefing schedule for Plaintiff's motion for a preliminary injunction and Defendants' cross-motions to dismiss the complaint. The Court heard oral argument on the motions on August 15, 2008.

## II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure under the same standard as a motion pursuant to Rule 12(b)(6) for failure to state a claim. *See Nicholas v. Goord,* 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations set forth in the complaint as true, and draws all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To state a legally sufficient claim, the plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* (holding that the "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level").

III. DISCUSSION

A. Legal Standard for *Younger* Abstention

The principle of *Younger* abstention, articulated by the Supreme Court in the case of *Younger v. Harris*, 401 U.S. 37 (1971), "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). The doctrine "rests foursquare on the notion that, in the ordinary course, 'a state proceeding provides an adequate forum for the vindication of federal constitutional rights,'" and, accordingly, federal courts should generally decline to intervene in state proceedings. *Id.* (quoting *Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir. 1994)). It is well established that *Younger* abstention applies to state administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986); *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004).

"*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr.*, 282 F.3d at 198 (citing *Grieve v. Tamerin*, 269 F.3d 149, 152 (2d Cir. 2001)). If *Younger* applies, "abstention is mandatory." *Schlagler v. Phillips*, 166 F.3d 439, 441 (2d Cir. 1999). However, "[d]espite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Id.* at 198 (quoting *Younger*, 401 U.S. at 54). A plaintiff seeking to avoid *Younger* abstention on these grounds bears the burden of showing that one of those exceptions applies. *See id.* (citing *Kirschner v. Klemons*, 225 F.3d 227,

235-36 (2d Cir. 2000)).

B. *Younger* Abstention is Appropriate

Defendant SLA asserts that the circumstances here require abstention, arguing that the three requirements of *Younger* are met. (*See* SLA Mem. at 10-12; SLA Reply at 5-8.) SLA further argues that Plaintiff has failed to assert facts supporting any finding of bad faith or harassment on the part of the SLA and its officers, who are merely seeking to enforce a valid law against Scores East — in this case, section 126(5)(a) of the New York Alcoholic Beverage Control Law, which states that "[a] person who shall have had any license issued under this chapter revoked for cause, until the expiration of two years from date of such revocation" is forbidden to sell alcohol. (*See* SLA Reply at 5-8.) Plaintiff responds that *Younger* abstention is "irrelevant," and that "the SLA and the City are now in the process of piggy-backing on the Scores West revocation" by "prosecuting in subjective bad faith an administrative proceeding that is motivated by an intent to violate a licensee's right to engage in First Amendment protected expressive conduct." (Pl.'s Opp'n to SLA Motion at 5-7.) For the reasons that follow, the Court finds that abstention, and dismissal of the complaint, is appropriate.

1. Jurisdiction

As an initial matter, the SLA, as an agency of the State of New York, is not a suable entity. *See Rolle v. New York State Liquor Authority*, No. 05 Civ. 3536 (TPG), 2006 WL 2254807, at *3 (S.D.N.Y. Aug. 7, 2006) ("Defendant, the New York State Liquor Authority, is an agency of the State of New York, and is therefore shielded from federal suits by the Eleventh Amendment."); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ( "[A] plaintiff may sue *a state official* acting in his official capacity — notwithstanding the Eleventh Amendment — for prospective, injunctive relief from violations of federal law.") (emphasis added). Plaintiff has sued

5

the individual defendants only in their individual capacities, rather than their official capacities as representatives of the SLA. Accordingly, the SLA Defendants have not been properly sued. Plaintiff does not dispute this point; indeed, Plaintiff has requested permission in its opposition papers to amend its complaint to assert claims against the individual defendants in their official capacities, but has not indicated that the complaint would be otherwise amended to include additional allegations against these individuals. (*See* Pl.'s SLA Opp'n at 9.)

### 2. The *Younger* Conditions are Met

Even assuming the SLA officials were properly sued in their official capacity, *Younger* abstention is mandated here, as the three conditions under *Younger* have been met.[2] First, it is undisputed that there is an ongoing state proceeding — namely, the revocation proceeding addressing the SLA's intention to revoke the liquor license held by Scores East — which was scheduled to take place on August 19, 2008 but has since been adjourned *sine die*. (*See* Aug. 15, 2008 Ltr. of Joel Graber at 1.) The second condition is also satisfied, since the State of New York has an important interest in regulating the sale of alcoholic beverages and in enforcing the Alcoholic Beverage Control ("ABC") laws. *See Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105-06 (2d Cir. 1997) ("In determining whether the important state interest requirement has been met, [courts] . . . look to the importance of the generic proceedings to the state.") (citations and internal quotation marks omitted). Finally, the third condition is satisfied because the SLA proceeding, as well as any subsequent appellate review by way of an Article 78 proceeding in the Appellate Division, affords Plaintiff an adequate opportunity for judicial review of its First Amendment claims, as well as any other claims relevant to this action. *See* N.Y. Alco. Bev. Cont. Law § 121 (McKinney 2008) (providing that the

---

[2]Indeed, Plaintiff does not appear to contest the applicability of *Younger*, nor does Plaintiff suggest that the three conditions under *Younger* have *not* been met. (*See* Pl.'s Opp'n at 5-8.)

6

revocation, cancellation, or suspension of a license or permit by the SLA is subject to review by the Supreme Court of New York by way of an Article 78 proceeding).

### 3. None of the Exceptions to Abstention Apply

Where all three requirements for *Younger* abstention are met, a plaintiff may avoid dismissal only upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54; *Diamond "D" Constr.*, 282 F.3d at 198. In order to invoke the "bad faith" exception, "the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Constr.*, 282 F.3d at 199. If the actions of defendants were "nothing more 'than a straightforward enforcement of the laws of New York, the case does not fall within the bad faith exception . . . .'" *Id.* (quoting *Schlagler*, 166 F.3d at 441). Moreover, "[i]t is only when the state proceeding is brought with no legitimate purpose that this state interest in correcting its own mistakes dissipates, and along with it, the compelling need for federal deference." *Id.* at 200.

The Court finds that Plaintiff has failed to articulate facts in the complaint sufficient to show that any of the defendants acted in bad faith or with the intent to harass plaintiff. Even assuming Plaintiff had properly sued the individual SLA officials in their official capacities, Plaintiff's bare and conclusory allegation that the City and the SLA entered into an agreement to "set Scores West up on pretextual charges of prostitution" in order to commence liquor license revocation proceedings against both Scores West and Scores East, without more, is insufficient to satisfy Plaintiff's burden of showing that the SLA actions against Scores East were initiated with bad faith or illegitimate motives. Similarly, Plaintiff's conclusory allegations that the SLA cannot "make a competent determination as to its own violation of those rights — especially in an administrative kangaroo court, complete with an SLA facilitated police riot, violation of Scores West's absolute right to a

public (due process) hearing, and fabricated 'evidence,'" *see* Pl.'s SLA Opp'n at 7, are not supported by any factual allegations in the complaint and do not satisfy Plaintiff's burden of demonstrating that the SLA and/or the City *initiated* the proceedings against Scores West or Scores East in bad faith. *See Diamond "D" Constr.*, 282 F.3d at 199 ("A state proceeding that is legitimate in its purposes, but unconstitutional in its execution — even when the violations of constitutional rights are egregious — will not warrant the application of the bad faith exception."). Nor does Plaintiff allege any facts showing that the SLA and/or the City instituted the revocation proceedings without a reasonable expectation of succeeding on the merits of their claim that the Scores West and/or Scores East liquor licences should be revoked under New York law. *See Mateo v. Phillips*, 361 F. Supp. 2d 328, 331 (S.D.N.Y. 2005) ("For a federal plaintiff to invoke the bad faith exception, the party bringing the state action must have had no reasonable expectation of obtaining a favorable outcome.") (citing *Diamond D Constr.*, 282 F.3d at 199); *see also J. & W. Seligman & Co. Inc. v. Spitzer*, No. 05 Civ. 7781 (KMW), 2007 WL 2822208, at *7 (S.D.N.Y. Sept. 27, 2007) ("Furthermore, Plaintiffs do not allege that the Attorney General issued the subpoenas with no hope of prevailing on the merits of the fraud case."). Accordingly, the Court finds that Plaintiff has not shown that application of the "bad faith" exception is appropriate here.

Finally, the Court finds that no extraordinary circumstances exist here that would justify an exception to the *Younger* rule. "The 'extraordinary circumstances' exception has been described as an exception in which the circumstances 'render the state court incapable of fairly and fully adjudicating the federal issues before it' and create 'an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.'" *Morpurgo v. Inc. Vill. of Sag Harbor*, No. 07 Civ. 1149 (JS) (AKT), 2007 WL 3355582, at *5 (E.D.N.Y. Nov. 8, 2007) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975)). The Second

8

Circuit has interpreted this exception as requiring a showing: "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." *Diamond "D" Constr.*, 282 F.3d at 201 (citing *Trainor v. Hernandez*, 431 U.S. 434, 441-42 & n.7 (1977)). "Only twice has the Supreme Court provided examples of circumstances that would meet this high standard: first, when a state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it . . . and later, when the state administrative agency was incompetent by reason of bias to adjudicate the issues pending before it." *Diamond "D" Constr.*, 282 F.3d at 201 (internal citations and quotation marks omitted).

Plaintiff has not shown that the state remedy — here, the SLA proceeding — will not meaningfully, timely, or adequately remedy any alleged constitutional violation, nor that Plaintiff will suffer "great and immediate" harm absent intervention. Plaintiff has state remedies available to it, by way of the SLA proceeding, followed by an Article 78 proceeding, if necessary. "[W]here such state remedies are available, 'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Id.* at 202 (quoting *Pennzoil v. Texaco*, 481 U.S. 1, 15 (1987)). The challenged statute — N.Y. Alcoholic Beverage Control Law § 126(5)(a) — has been upheld in at least one instance by the Appellate Division, *see Body Talk Lounge v. N.Y. State Liquor Auth.*, 206 A.D. 2d 362, 364 (2d Dep't 1994), and there is nothing in the law to suggest that the statute, or its enforcement, "flagrantly" violates constitutional law. Moreover, the First Amendment does not bar the state from enforcing valid laws intended to regulate liquor licenses merely because the establishment that holds the license also engages in First Amendment-protected activity. *See Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 707 (1986) (holding

that "[b]ookselling in an establishment used for prostitution does not confer First Amendment coverage to defeat a valid statute aimed at penalizing and terminating illegal uses of premises"). Nor has Plaintiff shown that it will suffer "great and immediate" harm in the absence of federal intervention because the results of the revocation proceeding are not yet known — it may well be that the proceedings against Scores East and/or Scores West will result in a determination favorable to Plaintiff. Even if the revocation proceeding were not resolved in Plaintiff's favor, Plaintiff would still be able to appeal that ruling to New York State courts via the use of an Article 78 proceeding. Finally, Plaintiff has not alleged facts to support its allegation that the SLA is incompetent by reason of bias to adjudicate the issues. As discussed above, although Plaintiff alleges that the SLA and the City entered into an agreement to suppress protected First Amendment activity, Plaintiff provides no other support for these bare allegations in the complaint. Such allegations, standing alone, do not provide a basis for a finding of "exceptional circumstances" and appear implausible on their face. *See Iqbal*, 490 F.3d at 157-58.

  Accordingly, because the *Younger* abstention conditions are present, and no exception applies, the Court declines to enjoin, stay, or otherwise intervene in the state administrative proceedings. The complaint is dismissed. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court."); *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."). Plaintiff's request to amend the complaint is also denied, given that any amendment to name the individual defendants in their official

10

capacities would be futile in light of the Court's findings on abstention.

## IV. CONCLUSION

Defendants' cross-motions to dismiss the complaint are granted. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:  August 27, 2008
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE